| 45 | 23 |
| 45 | 186 |
| 45 | 23 |
| 50 | 408 |
| 45 | 23 |
| 84 | 356 |

FRANK P. BLAIR *vs.* E. L. HILGEDICK and others.

December 4, 1890.

**Practice where Defendant is Garnished by Creditor of Plaintiff.**—Where the defendant in an action is garnished by a creditor of the plaintiff, the proper practice is for the court in which the action is pending to grant a stay of proceedings in the action before judgment; or, if judgment is permitted to be entered, to stay execution as to the whole or a part of the judgment, as circumstances may require, until the proceedings of garnishment are disposed of.

**Same—Injunction—Intervention.**—It is not a proper case for intervention or for an injunction at the suit of the plaintiff in the first-mentioned action.

Plaintiff brought this action in the district court for Ramsey county, praying among other things that the defendant Hilgedick, the defendant Ide, his assignee, and the defendant Bean, sheriff of the county, be enjoined from the enforcement of a judgment of $345.96 recovered against him in the same court by the defendant Hilgedick, upon which execution had been issued. The case made by the complaint is in substance as follows: After issue joined in Hilgedick's action against the plaintiff, and on January 3, 1889, the defendants Kerr & Bennett brought an action in the same court against Hilgedick as defendant

and Blair (this plaintiff) as garnishee. The garnishee appeared, and on July 29, 1889, his disclosure was taken, and by this garnishment whatever Hilgedick might recover in his action against Blair was attached. On May 25, 1889, Hilgedick obtained judgment in his action against this plaintiff, and on the same day assigned it to the defendant Ide, which assignment is charged to have been made without consideration and to defraud the assignor's creditors. Ide caused execution to issue on the judgment, and afterwards and on July 29, 1889, at the taking of the garnishment disclosure, appeared as claimant and filed his complaint in intervention, alleging the assignment to himself of Hilgedick's claim against Blair. The complaint does not allege any judgment as yet entered in the garnishment action of Kerr & Bennett against Hilgedick and this plaintiff. The defendants answered the complaint and the action was brought on for trial before *Otis*, J. The defendants moved for judgment on the pleadings. The plaintiff then moved for leave to file an amended complaint in the nature of a bill of interpleader, offering to bring into court and pay to the clerk the amount of the judgment for the benefit of whichsoever of the defendants should show himself entitled thereto. The court denied plaintiff's application, not as a matter of discretion, but because in its opinion an interpleader would not lie, stating that if the matter were one of discretion it would grant the application. The court thereupon granted defendants' motion, a new trial was refused, and the plaintiff appealed.

*James E. Trask*, for appellant.

*Albert B. Ovitt*, for respondents Ide and Hilgedick.

*Warner, Richardson & Lawrence*, for respondents Kerr & Bennett.

VANDERBURGH, J. The defendant Hilgedick sued the plaintiff to recover the amount of $379 for goods sold; and, while the action was pending, the latter was garnished by Kerr & Bennett, creditors of Hilgedick. The defendant Ide claims to have acquired Hilgedick's claim against plaintiff by assignment, and appeared as claimant in the garnishee proceedings, which are alleged to be still pending. The defendant Hilgedick recovered judgment against plaintiff in the suit first mentioned, and the latter brings this action against the parties named, on account of the double claim made against him for the same

debt, by Hilgedick or Ide, his assignee, and the plaintiffs in the garnishee action. The court was right in holding that he is not entitled to any part of the relief sought. The defendants Ide and Kerr & Bennett are entitled to pursue their legal remedies in the separate action to which they, as well as Hilgedick and plaintiff, are parties. The pendency of Hilgedick's action against Blair is no reason for staying or superseding the proceedings by garnishment, or compelling an interpleader. The pendency of the latter proceeding, however, is doubtless ground for a stay of the proceedings in the first-mentioned action to the extent necessary to protect Blair's rights, and to prevent the liability of a double payment of the same debt. And it would clearly be the duty of the court to grant such stay upon a proper application therefor seasonably made. The plaintiff had thus an ample and summary remedy in the same action. There is no ground for a separate, independent, equitable action to compel the parties to interplead and settle their rights and claims in such action. If, by his laches or mistake, he has failed to procure such stay, that fact furnishes no additional reason why this action should be maintained. When the defendant in an action is garnished by a creditor of the plaintiff therein, we apprehend the practice is for the court, on the proper application, to stay all proceedings before judgment, or permit judgment to be entered, with stay of execution as to the whole or a part of the judgment, as circumstances may require. Drake, Attachm. (6th Ed.) § 701, note, and cases.

Order affirmed.