.J. D. HARVEY *vs.* GREAT NORTHERN RY. Co.

Submitted on briefs June 27, 1892. Decided July 7, 1892.

**Situs of a Debt.**

For the purposes of attachment, a debt has a *situs* wherever the debtor can be found. Wherever the creditor might sue for its recovery, there it may be attached as his property, provided the laws of the *forum* authorize it.

**Where it is Payable is Immaterial.**

Neither is it material that the debt was not made payable in the state where the attachment proceedings are instituted.

**Pendency of a Prior Action in Another State.**

The pendency of a prior action by attachment in another state, which binds the debt, may be set up by way of defense to a suit by the defendant in the attachment in this state to recover the same debt.

**Practice—Suspend Judgment.**

*Blair* v. *Hilgedick*, 45 Minn. 23, followed as to the proper practice in such cases.

Appeal by defendant, the Great Northern Railway Company, from a judgment of the Municipal Court of the City of Minneapolis, *Elliott*, J., entered March 4, 1892.

The defendant was on November 23, 1891, indebted to one A. Zellar, a freight train conductor on its railroad in Montana, $95.25 for services. Zellar was at the same time indebted to John S. Truscott of Montana, in the sum of $79.50. On that day Truscott commenced an action against Zellar before a justice of the peace in Mon-

tana to recover this debt, and attached Zellar's claim against the Great Northern Railway Company. On December 4, 1891, Zellar assigned his claim to the plaintiff, J. D. Harvey, who brought this action against the Railway Company to recover the money. Defendant answered setting up the Montana attachment suit in bar. Plaintiff had judgment, and defendant appeals.

*Benton, Roberts & Brown,* for appellant.

*Willis McDowell,* for respondent.

MITCHELL, J. The question is whether, upon the facts found, the pendency of a prior action in Montana, in which a debt had been attached in the hands of defendant as garnishee, was available by way of answer to a suit brought in this state by the defendant in the attachment (or his assignee) to recover the same debt.

The defendant is a corporation organized under the laws of this state, in which its headquarters and general offices are situated, but it owns and operates a line of railway extending into and through the state of Montana; and for that reason is, by the laws of Montana, for the purposes of suit, including proceedings in attachment and garnishment, deemed a resident of that state; and service of process upon it may be made by service upon any ticket or other agent in the state. The laws of that state also provide for the attachment of the property of any nonresident, including debts due him, by service of a copy of the writ and notice of the attachment upon the party owing the debt, and by service of the summons upon the nonresident defendant by publication; the judgment and execution thereon, in case the defendant makes no appearance, to run against the property attached.

The original creditor (plaintiff's assignor) is a nonresident of Montana, and no place of payment of the debt due him from the defendant was named.

The attachment suit in Montana was brought by a resident of that state, and the proceedings have been in all respects in conformity to its laws, and the action is still pending and undetermined, and the attachment in full force. The original creditor (the defendant in the attachment) has never appeared in that action,

and the summons therein has been served on him by publication only.

The contention of plaintiff is that the proceedings in the court of Montana are void for want of jurisdiction, for the reason that the debt due from the plaintiff's assignor had no *situs* in that state, and consequently was incapable of being attached there.

The statement of the following propositions, which we deem well settled, will be sufficient for the purposes of this appeal:

1. While, by fiction of law, a debt, like other personal property, is for most purposes, as, for example, transmission and succession, deemed attached to the person of the owner, so as to have its *situs* at his domicile, yet this fiction always yields to laws for attaching the property of nonresidents, because such laws necessarily assume that the property has a *situs* distinct from the owner's domicile. For such purpose a debt has a *situs* wherever the debtor or his property can be found. Wherever the creditor might maintain a suit to recover the debt, there it may be attached as his property, provided, of course, the laws of the forum authorize it. *Embree* v. *Hanna,* 5 John. 101; *Blake* v. *Williams,* 6 Pick. 285–315; *Lewis* v. *Bush,* 30 Minn. 247, (15 N. W. Rep. 113;) Drake, Attachm. § 597.

2. Neither is it material that the debt was not made payable in Montana. It was a debt from the defendant everywhere. The original creditor might have maintained a suit for it in Montana, and therefore the debt might be attached there. *Blake* v. *Williams, supra*; Drake, Attachm. § 597.

3. The pendency of a prior action by foreign attachment in another jurisdiction, which binds the debt, may always be set up by way of defense to a suit by the defendant in the attachment to recover the same debt. This constitutes an exception to the general rule that *lis pendens* in a foreign court is not a good plea. An attachment is in the nature of proceedings *in rem,* the *res* being the debt or other property attached, and a *lis pendens* in such proceedings before the tribunals of another jurisdiction is held to be a good plea in abatement of a suit. This rule is essential to prevent a collision in the jurisdiction of courts, as well as for the protection of a party summoned as garnishee or trustee, who might otherwise, with-

out any fault of his own, be in danger of being compelled to pay the debt twice. *Embree* v. *Hanna, supra; Wallace* v. *McConnell,* 13 Pet. 136; *American Bank* v. *Rollins,* 99 Mass. 313; *Baltimore & O. R. Co.* v. *May,* 25 Ohio St. 347; 2 Kent, Comm. 122.

We have examined all the cases cited by plaintiff's counsel, and none of them, in our opinion, sustain his contention, unless it is *Missouri Pac. R. Co.* v. *Sharitt,* 43 Kan. 375, (23 Pac. Rep. 430,) which seems to us to be contrary, not only to the authorities elsewhere, but also to the decision of the same court in *Burlington & M. R. R. Co.* v. *Thompson,* 31 Kan. 180, (1 Pac. Rep. 622.) The other cases cited by plaintiff are all distinguishable from the present, and all turned on some other point, as, for example, that the property attempted to be attached by garnishment was chattel property, not within the state, or where the laws of the *forum* where the attachment proceedings were instituted contained no provision for the service of process in such cases.

4. The doctrine in England, followed by a majority of the courts in this country, is that where one has been summoned as garnishee, and the defendant in the attachment, before judgment therein, sues the garnishee for the same debt, the latter may plead the attachment in abatement of the suit. But in many states it is held that the pendency of an attachment is no cause for abating the action, but that it is merely good ground for a continuance while the attachment proceedings are pending, or for a stay of execution on the judgment, if one is rendered, until the attachment proceedings are finally determined. Drake, Attachm. §§ 700, 701.

In *Blair* v. *Hilgedick,* 45 Minn. 23, (47 N. W. Rep. 310,) we expressed the opinion that the latter is the proper, as it undoubtedly is the most convenient, practice.

In the case referred to the garnishee process was served after the other action was pending, but that fact is not alluded to in the opinion, undoubtedly because not deemed material; and we see no good reason for making any distinction on that ground. Under the common-law practice, if the attachment was prior to the action by the defendant in the attachment it could be set up by plea in abatement; and, if the attachment was pending such action, it could be

pleaded *puis darrien continuance*, at least where both the action and the attachment were in courts of the same jurisdiction.   Under our practice the same facts may be set up by answer or supplemental answer, and in either case the remedy is the same, to wit, continue the action, or stay execution on the judgment (if one is rendered) in accordance with the views expressed in *Blair* v. *Hilgedick, supra.* The former would usually be the better and simpler practice.

It is not necessary to consider the distinction sometimes made between cases where both actions are in the courts of the same jurisdiction and those where they are in different jurisdictions, for the reason that it would have no practical bearing (at least in favor of plaintiff) in the present case, because the Montana attachment was already pending when this action was commenced.

The cause is remanded, with directions to the court below to set aside the judgment, and continue the cause until the determination of the attachment proceedings in the court of Montana.

(Opinion published 52 N. W. Rep. 905.)