SWEDISH–AMERICAN NATIONAL BANK OF MINNEAPOLIS v. T. BLEECKER.

May 31, 1898.

Nos. 10,947—(70).

**Garnishment — Foreign Insurance Company — Service on Insurance Commissioner—Action in Rem.**

The defendant, a resident of North Dakota, insured his house, situated in that state, against loss by fire in the garnishee, a foreign insurance company organized in England and doing business in North Dakota and in this state. A loss occurred, and this action was brought in this state by a creditor of defendant. Service was made on the garnishee by serving on the insurance commissioner, and service in the main action was made on the defendant by publication. None of the transactions out of which the indebtedness arose took place in this state, and the indebtedness was not payable in this state. *Held*, the action was one in rem.

**Same—Situs of Debt at Domicile of Creditor.**

*Held*, further, as between different states or sovereignties, the situs of a debt is at the domicile of the creditor; but the statute may, for the purpose of attachment or garnishment, give the debt a situs also at the domicile of the debtor.

**Same—Stipulation as to Process Filed with Insurance Commissioner—Effect of Stipulation.**

Our statute requires a foreign insurance company, before doing business in this state, to file a stipulation agreeing that any legal process affecting such company, served on the insurance commissioner, shall have the same effect as if personally served on the company. *Held*, such a stipulation filed by the garnishee does not give it a domicile in this state for all purposes, or bring into this state the situs of a debt which it owes elsewhere by reason of business transacted elsewhere, and such a debt cannot be seized in an action in rem in this state.

Appeal by defendant from a judgment of the district court for Hennepin county, adjudging that plaintiff recover of Commercial Union Assurance Company (Limited) of London, garnishee, the sum of $800, entered in pursuance of the order of Simpson, J. Reversed.

*Gilfillan, Willard & Willard*, for appellant.

In a garnishment proceeding, where the defendant is not served and does not appear, the court acquires jurisdiction only by attachment of the res. The proceeding is purely in rem. Aultman, Miller & Co. v. Markley, 61 Minn. 404; Plummer v. Hatton, 51 Minn. 181; Lydiard v. Chute, 45 Minn. 277; Kenney v. Goergen, 36 Minn. 191; Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 218; Pennoyer v. Neff, 95 U. S. 714, 728. Assuming that the res in this case was present in this state, for purposes of garnishment, jurisdiction over it could be obtained only by service of the garnishee summons on the person in whose possession it was. Garnishment is a purely statutory remedy, and the requirements must be strictly followed. 2 Shinn, Attachm. & Garn. § 485; Scott v. McNeal, 154 U. S. 34, 46; Netter v. Board of Trade, 12 Ill. App. 607; Kennedy v. McLellan, 76 Mich. 598. Proper service of the garnishee summons upon the garnishee is jurisdictional. Schindler v. Smith, 18 La. An. 476; Hebel v. Amazon Ins. Co., 33 Mich. 400; Hartford F. Ins. Co. v. Owen, 30 Mich. 441; Epstein v. Salorgne, 6 Mo. App. 352; State v. Duncan, 37 Neb. 631; Nelson v. Sanborn, 64 N. H. 310; Edler v. Hasche, 67 Wis. 653. And any insufficiency of service upon the garnishee is fatal. Swallow v. Duncan, 18 Mo. App. 622; Central Trust Co. v. Chattanooga R. & C. R. Co., 68 Fed. 685; Hebel v. Amazon Ins. Co., supra. The garnishee cannot waive any of defendant's rights. Aultman, Miller & Co. v. Markley, supra; Epstein v. Salorgne, supra. Garnishment being purely statutory, courts of general jurisdiction in entertaining proceedings under it become courts of special limited jurisdiction and, as such, their authority to entertain it and their authority to proceed against the res must appear affirmatively upon the record. Nothing is to be presumed in favor of the jurisdiction. Drake, Attachm. § 87b; Thatcher v. Powell, 6 Wheat. 119; Haywood v. Collins, 60 Ill. 328; Eaton v. Badger, 33 N. H. 228; Waples, Garn. 329; Star Brewery v. Otto, 63 Ill. App. 40. The garnishee summons in this action was served upon the state insurance commissioner, and no other service will be presumed. Barber v. Morris, 37 Minn. 194; Godfrey v. Valentine, 39 Minn. 337; Hempsted v.

Cargill, 46 Minn. 143; Jewett v. Iowa Land Co., 64 Minn. 539; Galpin v. Page, 18 Wall. 350, 366.

Under Laws 1895, c. 175, § 77, it is only in actions or proceedings against the company itself that service can be made upon the insurance commissioner, and that the commissioner is authorized to receive service. Rehm v. German I. & S. Inst., 125 Ind. 135; Gibbs v. Queen Ins. Co., 63 N. Y. 114, 124; Moore v. Speed, 55 Mich. 84; Smith v. Mutual L. Ins. Co., 14 Allen, 336; Sawyer v. North Amer. L. Ins. Co., 46 Vt. 697; Seamans v. Christian Brothers Mill Co., 66 Minn. 208; Central R. & B. v. Carr, 76 Ala. 388; Reimers v. Seatco Mnfg. Co., 37 U. S. App. 426; Lafayette Ins. Co. v. French, 18 How. 404. If the legislature had intended that process could be served upon the insurance commissioner, it would have so declared or have left the law as it was prior to 1895. G. S. 1894, §§ 3183, 3189. If a foreign insurance company, doing business in this state, is subject to garnishment at all, it must be by virtue of the indirect provision in G. S. 1894, § 5311, which statute must be strictly followed, and service must be made upon the "agent" of such corporation. Gibbs v. Queen Ins. Co., 63 N. Y. 117; Danforth v. Penny, 3 Metc. (Mass.) 564. The state insurance commissioner is not such an agent. Unless the company has, at the time of service, some liability outstanding in this state, the commissioner is not authorized to receive or accept service. His authority terminates as soon as the company is relieved from liability here. Laws 1895, c. 175, § 77; G. S. 1894, § 3185. To sustain its garnishment, respondent must sustain the jurisdiction of the court at every step. Drake, Attachm. § 87b; Eaton v. Badger, supra; Boswell v. Otis, 9 How. 350; Ransom v. Williams, 2 Wall. 313. Plaintiff must make it appear that the commissioner was qualified to receive service, and hence must show that there was some liability of the garnishee outstanding in this state. This must appear from the record, see cases supra, Waples, Garn. 330, and from the return of service, Waples, Garn. 332. The loss under the policy was not subject to garnishment in this state. If there is no jurisdiction over the garnishee there is none over the res, and if none over the res there can be none over the defendant. Aultman, Miller & Co. v. Markley, supra; Stevenot v. Eastern Ry. Co., 61 Minn. 104; Gates v. Tusten,

89 Mo. 13; Martz v. Detroit F. & M. Ins. Co., 28 Mich. 201; Jones v. Crews, 64 Ala. 368; Steen v. Norton, 45 Wis. 412; Raymond v. Rockland Co., 40 Conn. 401; Nelson v. Sanborn, 64 N. H. 310; Insurance Co. v. Friedman, 74 Tex. 56; Ahrens & O. Mnfg. Co. v. Patton S. D. & B. Co., 94 Ga. 247; Rood, Garn. § 271; 2 Shinn, Attachm. & Garn. § 664. The debt was not in this state. Central Trust Co. v. Chattanooga, 68 Fed. 685; Reimers v. Seatco Mnfg. Co., supra; Everett v. Connecticut M. L. Ins. Co., 4 Colo. App. 509; Ward v. Boyce, 152 N. Y. 191; Douglass v. Phœnix Ins. Co., supra; Straus v. Chicago G. Co., 108 N. Y. 654; Wood v. Furtick, 17 Misc. 561; Illinois C. R. Co. v. Smith, 70 Miss. 344; Atchison, T. & S. F. R. Co. v. Maggard, 6 Colo. App. 85; Alabama G. S. R. Co. v. Chumley, 92 Ala. 317; American C. Ins. Co. v. Hettler, 37 Neb. 849; Morawetz v. Sun Ins. Co., 96 Wis. 175; Reiner v. Hurlbut, 81 Wis. 24; Louisville & N. R. Co. v. Dooley, 78 Ala. 524; Craig v. Gunn, 67 Vt. 92; Osborne v. Shawmut Ins. Co., 51 Vt. 278; Bucy v. Kansas C. M. & B. R. Co. (Miss.) 22 South. 296; Williams v. Ingersoll, 89 N. Y. 508; Mason v. Beebee, 44 Fed. 556; Daniels v. Meinhard Bros., 53 Ga. 359; Kelley v. Machine, 4 Ohio L. D. 374; Caledonia Ins. Co. v. Wenar (Tex. Civ. App.) 34 S. W. 385; Pennoyer v. Neff, supra; Lawrence v. Smith, 45 N. H. 533; Green v. Farmers & C. Bank, 25 Conn. 452; Rorer, Inter-St. Law, 179; 2 Shinn, Attachm. & Garn. § 626; Stevenot v. Eastern Ry. Co., supra; Bates v. Chicago, M. & St. P. R. Co., 60 Wis. 296; Reno, Non-Residents, § 169.

A judgment of this court, under which the garnishee should pay this money to plaintiff, would be no defense to an action on the policy in North Dakota by defendant against the company. Thompson v. Whitman, 18 Wall. 457; Lafayette Ins. Co. v. French, 18 How. 404; Douglass v. Phœnix Ins. Co., supra; Laing v. Rigney, 160 U. S. 531; Ward v. Boyce, supra; Pennoyer v. Neff, supra. The natural place for bringing a suit on this policy would be North Dakota, where the creditor lives, or New York, where the loss is payable. If brought in the former state, whether or not the company would have to pay twice, would, as we have seen, depend on what that court should hold on the question of the jurisdiction of the Minnesota court. If brought in New York, the company would

have to pay its loss twice. Douglass v. Phœnix Ins. Co., supra; Reiner v. Hurlbut, supra; American C. Ins. Co. v. Hettler, 37 Neb. 849; Edwards v. Roepke, 74 Wis. 571. The decision in the Harvey case was largely based on Embree v. Hanna, 5 Johns. 101. That case, as modified by Martin v. Central V. R. Co., 50 Hun, 347, and Douglass v. Phœnix Ins. Co., supra, still stands as the law of New York, but the courts of that state from the time of that decision have held that an action of this kind cannot be maintained. Ward v. Boyce, supra; Douglass v. Phœnix Ins. Co., supra; Straus v. Chicago G. Co., supra; Martin v. Central V. R. Co., supra; Williams v. Ingersoll, supra.

The insurance company is not in this state for any such purpose. It remains for such purposes a resident of the state or country of its creation. Broome v. Galena, D., D. & M. Packet Co., 9 Minn. 225 (239); Douglass v. Phœnix Ins. Co., supra; Reimers v. Seatco Mnfg. Co., supra; Smith v. Mutual L. Ins. Co., supra; Bank v. Earle, 13 Pet. 519, 588; Lafayette Ins. Co. v. French, supra; Shaw v. Quincy M. Co., 145 U. S. 444, 451; Railroad Co. v. Koontz, 104 U. S. 5; Douglass v. Phœnix Ins. Co., supra. That a foreign corporation, by sending its agents into different states to transact its business, does not thereby become a resident thereof, appears from the fact that a state cannot pass a valid law forbidding such corporation from removing actions brought against it from the state to the federal courts on the ground of diverse citizenship. Southern Pac. Co. v. Denton, 146 U. S. 202; Reimers v. Seatco Mnfg. Co., supra. To uphold this garnishment is to violate the fourteenth amendment to the constitution. It is not "due process of law." Burton v. Platter, 10 U. S. App. 657; Ward v. Boyce, supra; Douglass v. Phœnix Ins. Co., supra; Dorr v. Rohr, 82 Va. 359, 364. See Haywood v. Collins, 60 Ill. 328.

*L. R. Larson* and *A. Ueland,* for respondent.

Service of the garnishee summons on the insurance commissioner was service on the garnishee. Laws 1895, c. 175, § 77. A garnishment proceeding against an insurance company is "an action against it" by the defendant, but in the name of and for the benefit of the plaintiff. Irwin v. McKechnie, 58 Minn. 145; Caldwell v.

Stewart, 30 Iowa, 379; McKelvey v. Crockett, 18 Nev. 238; Harris
v. Phœnix Ins. Co., 35 Conn. 310; Dewey v. Garvey, 130 Mass. 86;
Cross v. Spillman, 93 Ala. 170; Whitman v. Keith, 18 Oh. St. 134,
145; Steen v. Norton, 45 Wis. 412. Service of garnishee summons
on corporations, where no special manner is provided, may be made
in the manner provided for the service of summons upon such cor-
porations in ordinary actions. Boyd v. Chesapeake & O. C. Co., 17
Md. 195; Hebel v. Amazon Ins. Co., 33 Mich, 400; Baltimore & O.
R. Co., v. Gallahue, 12 Grat. 655; Railroad v. Barnhill, 91 Tenn.
395; G. S. 1894, § 5308. The insurance company was subject to
garnishment in this state. Foreign corporations are subject to
garnishment in all cases in which an original action may be com-
menced against them in the courts of the state to recover the debt
in respect to which the garnishment process is served. 2 Shinn,
Attachm. & Garn. § 493; 8 Am. & Eng. Enc. 1131; Neufelder v. Ger-
man A. Ins. Co., 6 Wash. 336; Railroad v. Barnhill, supra; Glover
v. Wells, 40 Ill. App. 350; Hannibal & St. J. R. Co. v. Crane, 102
Ill. 249; Fithian v. New York & E. R. Co., 31 Pa. St. 114; Barr v.
King, 96 Pa. St. 485. A garnishment statute is remedial and
should be liberally construed. Peoria Ins. Co. v. Warner, 28 Ill.
429. A foreign insurance company can be garnished by virtue of
G. S. 1894, § 5311. National Bank v. Huntington, 129 Mass. 444;
National F. Ins. Co. v. Chambers, 53 N. J. Eq. 468. The loss under
the policy was subject to garnishment in this state. Harvey v.
Great Northern Ry. Co., 50 Minn. 405; Cross v. Brown, 19 R. I. 220;
Wyeth H. & M. Co. v. Lang, 127 Mo. 242; Plimpton v. Bigelow,
93 N. Y. 592; Moore v. Chicago, R. I. & P. R. Co., 43 Iowa, 385;
Mooney v. U. P. R. Co., 60 Iowa, 346; German Bank v. American F.
Ins. Co., 83 Iowa, 491; Neufelder v. German A. Ins. Co., supra;
Railroad v. Barnhill, supra; Burlington & M. R. R. Co. v. Thomp-
son, 31 Kan. 180; dissenting opinion in Missouri P. R. Co. v.
Sharitt, 43 Kan. 375; National F. Ins. Co. v. Chambers, 53 N. J. Eq.
468; East Tenn., V. & G. R. Co. v. Kennedy, 83 Ala. 462; Pomeroy
v. Rand, 157 Ill. 176; Roche v. Rhode Island Ins. Assn., 2 Ill. App.
360; Wabash R. Co. v. Dougan, 142 Ill. 248; Stevens v. Brown, 20
W. Va. 450; Mineral P. R. Co. v. Barron, 83 Ill. 365; Morgan v.
Neville, 74 Pa. St. 52; Hannibal & St. J. R. Co. v. Crane, 102 Ill.

249; Glover v. Wells, 40 Ill. App. 350; Selma, R. & D. R. Co. v. Tyson, 48 Ga. 351; Campbell v. Home Ins. Co., 1 Rich. N. S. 158; Green's Bank v. Wickham, 23 Mo. App. 663; Connor v. Hanover Ins. Co., 28 Fed. 549; Chicago, B. & Q. R. Co. v. Moore, 31 Neb. 629; Singer Mnfg. Co. v. Fleming, 39 Neb. 679; National Bank v. Huntington, 129 Mass. 444; Cousens v. Lovejoy, 81 Me. 467; Nichols v. Hooper, 61 Vt. 295; Rood, Garn. §§ 233, 245, 246.

CANTY, J.

The defendant, a resident of North Dakota, insured his house against loss by fire in the garnishee insurance company, a foreign corporation organized in England. The house was situated in North Dakota, and was burned while so covered with said insurance. Thereupon the plaintiff, a resident of this state, brought an action against defendant to recover an indebtedness due from the latter to the former, and instituted garnishment proceedings against the insurance company, which was doing business in this state. The garnishee appeared, and disclosed that it owed the defendant the insurance money due on said loss, amounting to $800. The defendant could not be found in the state, and the summons in the main action was served on him by publication. The garnishee summons was served on the garnishee by delivering copies thereof to the insurance commissioner, pursuant to Laws 1895, c. 175, § 77. The plaintiff moved for judgment on the disclosure of the garnishee. The defendant appeared specially, and moved that the proceedings be dismissed on the ground that the court had no jurisdiction. Both motions were heard together. Defendant's motion was denied, and plaintiff's was granted. From the judgment entered thereon in plaintiff's favor, defendant appeals.

This is a proceeding in rem. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078. The res is the indebtedness due from the garnishee to the defendant.

Appellant contends that the court had no jurisdiction, and the judgment is void, because the situs of the debt was not in this state, and therefore the courts of this state could not seize or condemn it. There is a conflict of authority as to whether, under the circumstances, the debt has a situs in this state. In the discussion of this

question, we must keep in mind two simple principles: First, as between different states or sovereignties, the situs of the debt is at the domicile of the creditor (Wharton, Confl. Laws [2d Ed.] §§ 359, 363; Story, Confl. Laws [8th Ed.] § 399; Brown, Jur. § 150); second, statutes and the custom of London may, and often do, for the purposes of attachment or garnishment at the suit of a third person, give the debt a situs also at the domicile of the debtor.

Respondent contends that the debtor (the garnishee herein) has a domicile in this state. Said section 77 provides:

"No foreign insurance company shall be so admitted and authorized to do business until: ＊ ＊ ＊ Third. It shall by a duly executed instrument filed in his office constitute and appoint the insurance commissioner or his successor its true and lawful attorney upon whom all lawful processes in any action or legal proceedings against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state."

The garnishee has filed such a stipulation, has established local agencies, and has been insuring property in this state. This did not, in our opinion, give the garnishee a domicile in this state for all purposes, or bring into this state the situs of debts which it owes elsewhere by reason of business transacted elsewhere. Neither the creditor nor the debtor resided in this state; none of the transactions out of which the indebtedness arose took place in this state; and the indebtedness was not payable in this state. Under these circumstances, the debt has not a situs in this state. Reimers v. Seatco Mnfg. Co., 37 U. S. App. 426, 17 C. C. A. 228, and 70 Fed. 573; Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938; Renier v. Hurlbut, 81 Wis. 24, 50 N. W. 783; Louisville & N. R. Co. v. Dooley, 78 Ala. 524; Wright v. Chicago, B. & Q. R. Co., 19 Neb. 175, 27 N. W. 90; Keating v. American R. Co., 32 Mo. App. 293. In Green v. Farmers & C. Bank, 25 Conn. 452, Tingley v. Bateman, 10 Mass. 343, and Lawrence v. Smith, 45 N. H. 533, it is held that a debtor who is only temporarily in the state cannot be charged as a trustee or garnishee. But we need not now consider whether

or not these decisions should be followed. The garnishee herein is not in the state temporarily. It is in the state permanently, or, for the purposes of this case, it is not in the state at all.

Respondent relies on Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905. That case is not at all parallel. The report of that case does not fully disclose the facts as they appear in the court's findings. One Zellar was employed as a conductor on the Great Northern Railway in running and operating its train from Minot, North Dakota, to Glasgow, Montana, and during the time of his employment resided at Glasgow. On October 23, 1891, he ceased to be so employed, and immediately thereafter changed his residence to Minot. Thereafter, on November 23, 1891, attachment proceedings were instituted against him in Montana by a resident of that state, and the wages due him from the railway company for his last month's services were attached, and process was served on him by publication. Thereafter, on December 4, 1891, he changed his residence to Minnesota, and assigned his claim for wages to Harvey, who commenced an action in Minnesota against the railway company for the amount of the claim. The railway company was incorporated under the laws of Minnesota; but, under the laws of Montana, a railway company doing business in that state could be served with process by serving the same on its ticket agent. This court held that the Montana court had jurisdiction to seize the debt, and ordered proceedings stayed in the action in this state until the determination of the attachment proceedings in Montana. Clearly this debt had a situs in Montana. The debt grew out of a Montana transaction between Zellar and the railway company, and was incurred in that state. For the purposes of that transaction, the railway company had a domicile in Montana, and the fact that Zellar subsequently left the state did not destroy such domicile of the railway company as regards that transaction, or destroy the situs of the debt in Montana for the purposes of attachment in that state.

It is true that this defendant might have brought an action in this state against this insurance company to recover for this loss, and might have obtained service by serving the summons on the insurance commissioner. But this does not prove that this debt

has always had a situs in this state. In the first place, that action would be in personam, not in rem; and, for the purposes of such an action, it is immaterial where the situs of the debt is. In the next place, the creditor, by his voluntary act, may give the debt a situs also at some place other than that of his domicile. He may, so to speak, take the debt with him for the purpose of bringing a suit upon it. But a third person claiming to be a creditor of such creditor cannot do this. Such a stranger has no power to change the situs of the debt, or to give it a situs at a place where it would not otherwise have it. In our opinion, the debt in question had no situs in this state, and the court below had no jurisdiction.

The judgment appealed from is therefore reversed, and the action remanded, with directions to dismiss the same.

A petition for reargument having been filed the following opinion was filed on June 17, 1898:

CANTY, J.

On a motion for a reargument, respondent calls our attention again to the fact that Wyeth H. & M. Co. v. Lang, 127 Mo. 242, 29 S. W. 1010, follows Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905, and overrules Keating v. American R. Co., 32 Mo. App. 293, cited by us in the opinion herein. It is true that the Wyeth case purports to overrule the Keating case; but it merely overrules a dictum in the latter case, which dictum is to the effect that, when a debt is made payable at a certain place it has no situs at any other place. In our opinion, each of those cases was correctly decided on the facts.

The Keating case is similar to this case. Neither the defendant nor the garnishee resided in Missouri. The garnishee was an Illinois corporation, which did business also in Missouri and Texas. The defendant was a resident of Texas, where he was employed by the garnishee; and the plaintiff attempted to procure service on him by publication, and to garnish his wages. The plaintiff and defendant in the Wyeth case were both residents of Missouri. The latter had commenced a number of actions against the former in the state of Kansas, had garnished in those actions residents of Kansas who were debtors of the former, and had obtained service

on the former by publication. The Missouri action was brought to restrain the prosecution of the Kansas actions on the ground that the courts of Kansas had no jurisdiction. Of course, the Kansas courts had jurisdiction, and the Missouri action could not be maintained.

The statement, in the opinion in the latter case, that the debt may be attached as the property of the creditor wherever he might maintain an action to recover it, was merely a dictum, which is true as a general rule; but, as we hold in this case, there are some exceptions to that rule. The garnishee in this case is an English corporation, which may be doing business in every state in the Union, and also in England, Ireland, Scotland, Canada, India, Australia, and a score of other countries. If respondent's position is correct, the debt here in question has at one and the same time a situs in all of those states and countries in which the corporation is doing business, and may be seized by attachment or garnishment in any of them.

The petition for a reargument is denied.