F. A. DUXBURY and Another v. BRIDGET SHANAHAN.[1]

November 15, 1901.

Nos. 12,730—(148).

### Will—Jurisdiction of District Court.

When the last will and testament of a deceased person has been duly proved and allowed in the probate court of the proper county, and proceedings involving its interpretation and legal effect are therein pending, a district court cannot be allowed to construe the instrument upon a disclosure made by the executor as garnishee.

### Garnishment—Practice.

The proper practice in such a case is for the court taking the disclosure to stay all proceedings pending a construction of the will, and a determination of its legal effect in the probate court which has acquired original jurisdiction of the estate.

### Discharge of Garnishee—Appeal.

Subsequent to a disclosure, in which all of the facts appeared, and also that the executor had in his hands a large sum of money belonging to said estate, attorneys for the garnishee moved that he be discharged, and thereafter appealed from an order denying the motion. Whether such order is appealable is questioned, and left undetermined.

Action in the district court for Ramsey county, to which county it was removed from Houston county, against Bridget Shanahan, defendant, and James C. Kelly, garnishee. From an order, Brill, J., denying his motion to be discharged, the garnishee appealed. Affirmed.

*W. H. Harries* and *James O'Brien*, for appellant.
*Duxbury & Duxbury*, for respondents.

COLLINS, J.

The essential facts in this case are that Philip Shanahan, a Catholic priest, resident of the county of Houston, died testate in March, 1900, leaving property of the value of more than $16,000. His last will and testament was duly presented, proved, admitted to probate, and the executor therein named duly appointed by an

[1] Reported in 87 N. W. 944.

order of the probate court of said county in April, 1900. So far as appears from the record, nothing further has been done in the probate court in the matter of a settlement of said estate or a distribution of the assets belonging thereto.

By the terms of said last will and testament, all just debts and funeral expenses were to be first paid, and then three bequests were made, or were attempted to be made,—one of five hundred dollars, one of one thousand dollars, and the other of the entire residue of the estate. The sole heir at law of the deceased is a brother, residing in Ireland; and thereafter he duly transferred and assigned all of his right, title, and interest in and to the estate to his daughter, Bridget Shanahan, the defendant. The executor is Kelly, the garnishee herein. After this transfer and assignment, Miss Shanahan entered into a contract with the plaintiffs, attorneys at law, whereby they were to protect her interests, perform the necessary legal services required to secure to her all or part of the estate, upon the ground of the invalidity of the bequests, and were to receive as compensation one-third of the amount recovered or secured to her out of the assets.

It appears that subsequent to this contract Miss Shanahan attempted to repudiate it, and thereupon the plaintiffs brought suit in the district court of Houston county to recover the value of reasonable services rendered by them in securing for Miss Shanahan, out of the estate of her deceased uncle, and under said agreement, the sum of $15,000, according to the allegations of the complaint. The defendant, being a resident of Ramsey county, compelled a transfer of the action to the district court of that county, and, so far as we know, it is still at issue, and undetermined. Soon afterwards, a summons in garnishment was issued, directed to the executor, Kelly, and in response thereto he made a disclosure from which it appeared that he had in his hands, as executor, more than $10,000 in money, over and above the expenses of administration and all debts and liabilities of the estate. All parties interested have been brought into the garnishment. As a part of this disclosure, the facts hereinbefore referred to were made known to the district court, and thereupon the attorneys for the garnishee moved the court for his discharge. This motion

was denied, and from the order of denial this appeal was taken.

We have fully stated the facts that the precise situation may be seen. The order will have to be affirmed. Both parties are endeavoring to obtain, through these garnishee proceedings, a construction of the last will and testament of the deceased, while that instrument is before the probate court of Houston county, which court has, under the state constitution and the statutes, original jurisdiction over the estates of deceased persons. That court has necessarily original jurisdiction to construe the instrument in question, and, when making a decree of distribution, to determine its legal effect. The construction and legal effect of the will is involved of necessity, and will primarily and judicially be determined by that court as it proceeds with the estate and to a distribution of its assets. The district court has jurisdiction to determine the same question upon appeal, and so has this court, and probably, upon the filing of a sufficient bill in equity, the district court could proceed to a judgment interpreting this instrument.

But because, on a proper showing, an equitable action involving a construction thereof may be maintained, is no reason why the same end may be reached in the statutory proceeding known as "garnishment." It is simply a proceeding collateral to a main action at law, and is exceedingly informal. It may be had in justice court, and must be had there in certain cases. The absurdity of holding that a district court may acquire jurisdiction over an estate already in the hands of a probate court, and construe a last will and testament in a garnishee proceeding, is made manifest by calling attention to the fact that a justice of the peace has precisely the same jurisdiction as a district court in garnishment, except as to amount. If this defendant was indebted in a sum not exceeding one hundred dollars, her creditor could bring an action in justice court, issue a garnishee summons directed to this executor, obtain the same disclosure as that given in district court, and the court could render judgment against him upon the grounds now taken—that, under our statute of uses and trusts, the will in question is invalid and inoperative. This is inevitable if the contention of counsel is upheld. It is the

necessary result of the claim now made that in this proceeding the will can be construed by the district court, and also, on appeal, by this court.

It would be ridiculous to hold, impliedly or otherwise, that justices of the peace have power or authority to construe the last wills of deceased persons pending proceedings for that purpose in the probate courts. It would also seem novel, to say the least, that the probate court of Houston county, with its original jurisdiction over the estate of the deceased, or the district court of that county on appeal, may be deprived of its authority in this matter by the institution of a purely legal proceeding in the district court of another county. The result, if there should be a difference in opinion in these distinct tribunals over the legal effect of Father Shanahan's will, might be quite disastrous to the executor, if to no other person.

For these reasons we decline to construe the will in this proceeding, and the result is that the order of the district court must be affirmed, although the ground upon which it was based may have been wrong. It was the duty of the district court, upon this disclosure, to refuse to discharge the garnishee, as well as to refuse an order for judgment against him. The proper practice was to stay all proceedings until there had been a determination in the regular, orderly way in the probate court, or, upon appeal, in the court which acquires and exercises final jurisdiction, and ultimately construes and declares the legal effect of the will in question. See cases analogous. Blair v. Hilgedick, 45 Minn. 23, 47 N. W. 310; Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905.

As before stated, this appeal is from an order refusing to discharge the garnishee, but we do not want it understood that we regard such an order as appealable. In Croft v. Miller, 26 Minn. 317, 4 N. W. 45, it was held that an order of a district court for judgment against a garnishee was not appealable. In McConnell v. Rakness, 41 Minn. 3, 42 N. W. 539, an order made by a district court simply discharging a garnishee after examination was held appealable. The distinction between that order and the one passed upon in the Croft case is referred to and pointed out.

We are strongly of the impression that an order refusing to discharge a garnishee is nonappealable, but counsel for both parties insist that it is appealable, and under the circumstances we have concluded to dispose of this case upon the grounds before mentioned.

The point upon which we affirm was not made by respondents' counsel. For that and other reasons we are of the opinion that the successful party is not entitled to statutory costs.

Order affirmed.