### DENNIS BOYLE v. MUSSER–SAUNTRY LAND, LOGGING & MANUFACTURING COMPANY.[1]

February 6, 1903.

Nos. 13,147—(205).

Judgment against Foreign Corporation.

> A judgment obtained in, and by a citizen of, this state, against a corporation organized in another state, but doing business and having an agent and an office in this as required by Laws 1899, c. 69, cannot be impounded or condemned in either attachment or garnishment proceedings in the state where the judgment debtor was incorporated, in an action brought by a corporation of that state against the judgment creditor, upon whom substituted service, only, can be made of the process of the court or of notice of the proceedings.

Federal Constitution—Service by Publication.

> The provision of the constitution of the United States that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state" (article 4, § 1) is applicable only when the court rendering the judgment, or in which the proceedings are had, has jurisdiction of the parties and of the subject-matter, and does not apply to a judgment rendered or proceedings had by the court of one state against a nonresident debtor, in the absence of personal service upon him, within the state of the forum, or a voluntary appearance by such debtor.

[1] Reported in 93 N. W. 520.

Plaintiff, a citizen of Minnesota, recovered judgment against defendant, an Iowa corporation, in the district court for Washington county. Thereafter the Standard Lumber Company, a foreign corporation, brought an attachment suit in Iowa against this plaintiff and garnished defendant with respect to its indebtedness to this plaintiff. Plaintiff was not served with process in Iowa. Execution having been issued upon plaintiff's judgment, the district court for Washington county, Williston, J., made an order to show cause why all proceedings in this action should not be stayed to await the determination of the Iowa attachment suit. From this order plaintiff appealed, and upon his application a writ of certiorari also was issued from the supreme court directing the Hon. W. C. Williston to certify his proceedings in the premises for review. Order reversed and proceedings thereunder annulled.

*J. N. Searles*, for appellant.

It is an abuse of discretion to stay execution on this Minnesota judgment to await determination of the Iowa action, which when rendered will be coram non judice and void. The decisions of this court prescribing a stay of proceedings as the proper practice, apply to cases where the other court has jurisdiction over the debt sought to be reached by garnishment. Blair v. Hilgedick, 45 Minn. 23; Harvey v. Great Northern Ry. Co., 50 Minn. 405; Duxbury v. Shanahan, 84 Minn. 353; Lewis v. Bush, 30 Minn. 244; Swedish Am. Nat. Bank v. Bleecker, 72 Minn. 383. This judgment, or the rights of this appellant thereunder, cannot be controlled by the courts of another jurisdiction having no jurisdiction over the person of this appellant. National v. Furtick, 2 Marvel, 35, 69 Am. St. R. 114, note, et seq; 1 Freeman, Exns. (3d Ed.) § 161a, note; Tootle v. Coleman, 107 Fed. 41.

Garnishment cannot be sustained where the debt is in such a situation that the garnishment proceeding cannot be interposed by plea in bar of the action. Wadsworth v. Clark, 14 Vt. 139, and citations; 1 Freeman, Exns. (3d Ed.) § 166, and citations: Perkins v. Guy, 2 Mont. 47; Wallace v. McConnell, 13 Pet. 136; Norton v. Winter, 1 Ore. 47; Howell v. Freeman, 3 Mass. 121; Prescott v.

Parker, 4 Mass. 170; Thorndike v. DeWolf, 6 Pick. 119; Esty v. Flanders, 16 N. H. 218; Clodfelter v. Cox, 1 Sneed (Tenn.) 330; Trowbridge v. Means, 5 Ark. 135; Burke v. Hance, 76 Tex. 76. Judgment of one court cannot be garnished under a writ issued from another. Hamill v. Peck, 11 Colo. App. 1; Shinn v. Zimmerman, 3 Zab. 150; Sievers v. Woodburn, 43 Mich. 275; Noyes v. Foster, 48 Mich. 273; Scott v. Rohman, 43 Neb. 618; American v. Snow,.9 R. I. 11; Young v. Young, 2 Hill. (S. C.) 425; Henry v. Gold P. M. Co., 15 Fed. 649; 1 Freeman, Exns. (3d Ed.) § 166. A debt due by judgment may be garnished in the same court. Skipper v. Foster, 29 Ala. 330; Hitt v. Lacey, 3 Ala. 104; Calhoun v. Whittle, 56 Ala. 138, 142.

*Clapp & Macartney,* for respondent.

This court should not inquire further into the jurisdiction of the Iowa court than to see that that court is in fact asserting jurisdiction over the subject-matter and the parties. The proposition seems to be universal that whether a court of competent jurisdiction over the subject-matter of a given action has obtained, or can obtain, jurisdiction of the parties, is one for that court, and that court alone, in the first instance, to determine. And although this determination may be erroneous, the error can only be corrected on appeal or certiorari. National v. Chambers, 53 N. J. Eq. 468; Chicago, R. I. & Pac. Ry. Co. v. Sturm, 174 U. S. 710; Manier v. Trumbo, Fed. Cas. No. 18,309; Dowdy v. Wamble, 110 Mo. 280; Howland v. Chicago, 34 Mo. 474. Hence it would seem to follow that the learned judge in the court below exercised a wise discretion in making the order now complained of. Carrol v. McDonogh, 5 Mart. (La.) 299; Morton v. Webb, 7 Vt. 123; Montgomery v. Merrick, 61 Ala. 534; McKeon v. McDermott, 22 Cal. 667; Schealy v. Toole, 56 Ga. 210; Lancashire v. Corbetts, 165 Ill. 592.

While there is some conflict in the authorities as to whether a debt owing by a resident debtor to a nonresident creditor can be said to have such a situs in the state of the domicile of the debtor that it, the debt, may be attached in a suit against such nonresident creditor by his creditor, yet, so far as the courts of Minnesota, Iowa, and the United States are concerned, that ques-

tion is settled and it is held that such a debt has or may have a situs at the domicile or residence of the debtor so that it may be attached or subjected to the payment of the debts of the creditor by garnishee or attachment proceedings. Harvey v. Great Northern Ry. Co., 50 Minn. 405; Willard v. Sturm, 96 Iowa, 555; Chicago, R. I. & Pac. Ry. Co. v. Sturm, supra; Tootle v. Coleman, 107 Fed. 41; Mooney v. Buford & George Mnfg. Co., 72 Fed. 32.

A judgment for the recovery of money is subject to levy. Henry v. Traynor, 42 Minn. 234. A debt upon judgment is nothing more or less than a debt; a debt reduced to judgment is still a debt and by the weight of authority subject to garnishment. Luton v. Hoehn, 72 Ill. 81; Isabelle v. Le Blanc, 68 N. H. 409; Fithian v. New York, 31 Pa. St. 114; Scott v. Rohman, 43 Neb. 618; Burke v. Hance, 76 Tex. 76, 81.

COLLINS, J.

Writ of certiorari directed to one of the judges of the district court of Washington county. From the record it appears that the plaintiff is a citizen of the state of Minnesota, while the defendant is an Iowa corporation carrying on an extensive logging and lumbering business in the state of Minnesota, managed by an agent residing in Stillwater, and with a "public office" in that city; such agent being appointed and such office located in accordance with the provisions of Laws 1899, c. 69. In an action between these parties arising out of a contract entered into in this state, judgment was entered on May 25, 1902, in the district court above mentioned, in favor of the plaintiff, Boyle, and against defendant company, for nearly $9,000. Four days after the entry of this judgment, the Standard Lumber Company, another Iowa corporation, commenced an action in the district court of that state, in which Boyle was named as defendant, to recover from him a sum in excess of $1,500, in which the plaintiff caused a writ to issue, directed to the sheriff of the county in which the suit was brought, and requiring him to attach Boyle's property, as a nonresident. The sheriff, as auxiliary to the writ of attachment, and in accordance with a statute of the state of Iowa, garnished this defendant, solely on account of the Minnesota judgment; and thereupon plaintiff, as creditor, caused an execution to be issued on the judg-

ment, and placed in the hands of the sheriff of Washington county for service. It is admitted that, within the jurisdiction of this sheriff, the defendant, judgment debtor, had a large quantity of personal property subject to levy and sale, and that it was the intention of the sheriff to forthwith levy upon such property to satisfy the execution. This plaintiff has never been served in the state of Iowa with any notice or process of any kind in the action brought by the Standard Lumber Company, or in the garnishment proceedings, and has not appeared therein. This defendant then obtained an order requiring the plaintiff to show cause before the district court of the county in which his judgment was entered why all proceedings upon the execution should not be stayed until the determination of the garnishment proceedings and the action in the state of Iowa, or until the defendant was released from any liability on account of the alleged garnishment. At the hearing this order to show cause was made absolute, and the sheriff was restrained from further proceeding with the execution.

We have a case, therefore, in which an execution has been issued to enforce the collection of a Minnesota judgment, obtained and entered on account of a Minnesota contract, against a debtor who, as a foreign corporation, is permitted to do business in this state solely because it has a resident agent appointed, and a public office fixed here, as required by statute, and by reason thereof is a resident of this state for all purposes connected with its Minnesota business; and the enforcement of that execution and the collection of this judgment have been indefinitely stayed in order to enable a foreign corporation, which has no office and does no business in this state, to collect a debt in a court of its own state against a citizen of Minnesota who is not within the jurisdiction of the court in which that action has been brought, has never appeared therein, and upon whom personal service of the process of that court cannot be made unless he should be found within its borders; the action last mentioned being wholly based upon an attempted seizure, through garnishee proceedings, of the Minnesota judgment, assignable and collectible in accordance with our own laws, and none other. The conclusion of the court below seems to have been based upon three cases: Blair v. Hilgedick, 45

Minn. 23, 47 N. W. 310; Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905; Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944.

We fail to see where this court, in the decisions referred to, has laid down a rule which justified such a restraining order. In Blair v. Hilgedick the main action and the garnishee proceedings were pending in the same court, and all of the parties were residents of the same county, in this state. In Harvey v. Great Northern Ry. Co. the defendant corporation, also garnishee, was a resident of this state, and, for the purposes of an action in that state, was a resident of Montana, through which its road ran. The indebtedness garnished was incurred in Montana during the time the debtor was a resident of that state, but who had subsequently removed therefrom. In Duxbury v. Shanahan the creditor and the garnishee resided in this state, and the property involved was in litigation in the courts in this state. In the Harvey case, only, was there any question of jurisdiction.

The order involved cannot be upheld, and two cases in this state clearly indicate such a conclusion. In Swedish-Am. Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740, plaintiff, a resident of this state, brought an action here against a resident of North Dakota, garnished a foreign insurance company doing business in Minnesota, as well as in North Dakota, on account of a loss occurring in that state, and, publishing a summons in accordance with the laws of this state, claimed to have acquired jurisdiction over the defendant, and the right to subject the debt owing by the garnishee to the satisfaction of a debt due to him. It was held that as the creditor of the insurance company did not reside in Minnesota, nor was the company a Minnesota corporation, the proceedings would not lie. It was also held that, as between different states or sovereignties, the situs of a debt is at the domicile of the creditor, but, for the purposes of attachment or garnishment, the debt might also have a situs at the domicile of a debtor, and, further, that a creditor might by his voluntary act give the debt a situs at some place other than that of the creditor's domicile; but, said the court: "A third person claiming to be a creditor of such creditor cannot do this. Such a stranger has no power to change

the situs of the debt, or to give it a situs at a place where it would not otherwise have it." That is just what the Standard Company is attempting to do here.

In McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, this subject was considered in a garnishment case, where none of the parties —the plaintiff, the defendant, or the garnishee, who was served with a summons while temporarily engaged in business within this state—were residents of Minnesota. We held that the proceedings could not be maintained. It was further said that the language used in the Harvey case to the effect that, for the purposes of attachment, a debt has a situs wherever the debtor can be found, and that it is not material that the debt is not payable in the state where the attachment proceedings are instituted, was clearly obiter. An examination of the Harvey case will show this statement to be correct. All of the cases in this state in which this topic had then been considered were reviewed in the McKinney case. Attention was called to the fact that an examination of the adjudicated cases would convince the reader that the courts have involved this subject in great confusion, and reference was made to an annotation by Mr. Freeman in 69 Am. St. Rep., at page 116 (National v. Furtick, 2 Marvel, 35). In some cases it has been held that a simple debt is subject to garnishment at the residence of the debtor,—in other words, that his residence is the situs thereof for the purpose of jurisdiction in attachment and garnishment cases. This rule has often been modified in various ways as difficult conditions were presented. It has been held not applicable where the debt was expressly made payable in another state.

Much may depend upon the statutes under which the proceedings are pending, but the doctrine that the situs of the debt for the purposes of garnishment or attachment is at the residence of the debtor has been distinctly repudiated in many courts, and it has been held that the situs of a debt for the purpose of seizure is only at the domicile of the creditor. As expressly said in one case, if there is nothing but an indebtedness, there is no property at the residence of the debtor, but, rather, an absence of property. This doctrine applies with peculiar force to judgments entered and docketed in another state. In this state a judgment, under our

statute, is not subject to garnishment so long as an execution may be issued upon it; but, if the order now before us is upheld, that statute is annulled. There is no rule of law which compels, and no consideration of policy or comity which would or ought to induce, a court of this state to suspend its process, and to prohibit one of its own citizens from collecting a judgment of our own court upon the ground that after its recovery an attempt has been made to subject it to the jurisdiction of a court of another state. Shinn v. Zimmerman, 23 N. J. L. 150, 60 Am. Dec. 260, with annotations. In Colorado it has been decided that a judgment debtor cannot be held under garnishee process issued from any other court than that in which the judgment is entered. Hamill v. Peck, 11 Colo. App. 1, 52 Pac. 216. See also Wallace v. McConnell, 13 Pet. 136; American v. Rollins, 99 Mass. 313.

A judgment of a court of this state has no situs in another state, and the only claim here that it has is because the debtor resides in that state, and the judgment itself has therefore been brought into it by legislation. If this judgment had no situs within the state of Iowa in the absence of legislation, any statute attempting to give it situs in that state, or to prescribe a manner of service of process, except personal within its borders, on either the debtor or the nonresident creditor, by which jurisdiction over it might be acquired, would be as nugatory and ineffectual to dispose of the creditor's property in the judgment as would be legislation attempting to acquire jurisdiction over tangible property situated outside the state of Iowa. The subject-matter of such legislation, namely, the property over which it attempts to acquire jurisdiction, is entirely beyond the power and control of the legislature or the courts of that state.

"The right of a state to inquire into the obligations of a nonresident, and its jurisdiction to attach his property to answer for such obligations, is founded solely on the fact that each state has exclusive control and jurisdiction over the property situated within its territorial limits, and the inquiry can be carried only to the extent necessary to control the disposition of such property. If there be no personal service on the defendant or owner of the property, or appearance by him, the jurisdiction cannot extend

beyond binding the property attached or effects garnished. Consequently, if the nonresident has no property within the state, and there has been no personal service on him within the state, or voluntary appearance by him, there in nothing upon which its tribunals can adjudicate; and any judgment rendered under such circumstances, whether affecting the person only, or the property also, would be void for want of jurisdiction of the person and of the subject-matter." Louisville v. Nash, 118 Ala. 477, 23 South. 825. See also Illinois v. Smith, 70 Miss. 344, 12 South. 461, in which the question is ably discussed; also annotations to these cases in 19 L. R. A. 577 and 41 L. R. A. 331.

The judgment in question exists under and by virtue of the laws of this state. It can have no situs elsewhere, except as the creditor may voluntarily give it that situs. The Standard Lumber Company, a stranger to it, cannot give it a situs in the state of Iowa by bringing an action and attempting to seize it there. For all the purposes of that judgment, the debtor has and had its domicile in this state as effectually and conclusively as if it had been incorporated under our laws, and not under the laws of the state of Iowa. Should the question now before us be presented to the Iowa courts in the action brought against the judgment creditor, we have every reason to believe that such courts would agree with us. But if that should not be the result, it would simply be "another illustration of liability to hardship, now and then, to litigants, growing out of conflict of laws in different jurisdictions."

Defendant's counsel argues that at this time we should give "full faith and credit" to the proceedings instituted in the Iowa court. A complete answer to this contention is found in the opinion from which we have heretofore quoted, as follows: "Adhering to this respect to the situs of the debt due from appellant to appellee, we are constrained by the decisions of the supreme court of the United States, cited above, to hold that the judgment of the Tennessee court, operating, as it did, on its face, to condemn and devest appellee's property in the debt, over which it had not acquired jurisdiction by personal service within the state on appellee, or by his voluntary appearance, was without due process of law, and absolutely void, for want of jurisdiction of the res, the

debt, or of the person of its owner. To such judgments the constitution of the United States does not require that any faith and credit be given; the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and the act of congress providing for the mode of authenticating such acts, records, and proceedings, being now construed as applicable only when the court rendering the judgment had jurisdiction of the parties and of the subject-matter, and not to preclude an inquiry into the jurisdiction of the court in which the judgment was rendered, or the right of the state itself to exercise authority over the person or the subject-matter. Pennoyer v. Neff, 95 U. S. 714." Louisville v. Nash, supra.

The order of the court below is reversed, and all proceedings had upon the order to show cause are annulled.