AMERICAN HARDWOOD LUMBER COMPANY v. JOANNIN–HANSEN COMPANY.[1]

November 2, 1906.

Nos. 14,942 —(89).

**Garnishment.**

The proper tribunal to determine whether a garnishee may be charged as such on the facts of his disclosure is the court in which the garnishee action is pending.

**Case Followed.**

Blair v. Hilgedick, 45 Minn. 23, and Harvey v. Great Northern Ry. Co., 50 Minn. 405, to the effect that the pendency of a garnishee action constitutes a defense by way of a plea in abatement in an action by the garnishee's creditor to recover the debt sought to be reached by the garnishment proceedings, and that the proper practice in such cases is for the court to order a stay of proceedings in the action to recover the debt, pending the determination of the liability of the garnishee in the garnishee action, followed and applied.

Appeal by defendant from an order of the municipal court of Minneapolis, C. L. Smith, J., sustaining a demurrer to a portion of the amended answer. Reversed and the cause remanded with direction to overrule the demurrer and grant a stay of proceedings.

*Henry E. Barnes, Jr.,* for appellant.

*B. H. Schriber,* for respondent.

BROWN, J.

This action was brought in the municipal court of the city of Minneapolis to recover upon a promissory note made and delivered by defendant to plaintiff. Among other defenses, defendant set up the pendency of an action in the district court of Hennepin county, wherein E. W. Marshall is plaintiff, and plaintiff in this action is defendant, in which it is sought to charge defendant herein, as garnishee, with the indebtedness due upon the promissory note here in suit. Plaintiff demurred to this defense, and defendant appealed from an order sustaining it.

Several questions are suggested in the briefs of counsel, but it is unnecessary to discuss or decide them at this time. It is urged that,

[1] Reported in 109 N. W. 403.

as the indebtedness sought to be reached by the garnishment proceedings was in the form of a promissory note, the garnishee cannot be charged or held liable as such, under the provisions of section 4234, R. L. 1905, which provides that no person shall be adjudged a garnishee by reason of any liability incurred as maker, or otherwise, on any draft, bill of exchange, or promissory note. On the other hand, it is claimed that, inasmuch as it appears that the promissory note in question is overdue, the case does not come within the provisions of the statute referred to properly construed, and that the garnishee may be held. •It is unnecessary to pass upon this point. It can be determined only, if an orderly course of judicial procedure be observed, in the garnishment action pending in the district court, wherein it is directly involved. The question should be presented to that court. It has jurisdiction of the parties and of the subject-matter of the action, and its decision upon the liability of the garnishee should not be anticipated by the municipal court in this action. This is a rule of general application, except in those cases where some other court has exclusive original jurisdiction of the subject-matter, as in Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944.

That the facts set forth in the answer in this case respecting the pendency of the garnishee action constitute a defense by way of a plea in abatement was held in Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905, 17 L. R. A. 84. The decision in that case, which we follow, controls the one at bar. The question is there fully discussed and authorities cited, a repetition of which in this opinion would serve no useful purpose. The correct practice in such cases is laid down in Blair v. Hilgedick, 45 Minn. 23, 47 N. W. 310, in the following language: "Where the defendant in an action is garnished by a creditor of the plaintiff, the proper practice is for the court in which the action is pending to grant a stay of proceedings in the action before judgment; or, if judgment is permitted to be entered, to stay execution * * * until the proceedings of garnishment are disposed of." That case was followed and applied in Harvey v. Great Northern Ry. Co., supra.

In some of the states a distinction is attempted to be made in cases of this kind between actions pending in the same state and those where the garnishment proceeding is pending in another state; but the dis-

tinction is without a difference, and has not been recognized in this state. In the Blair case both actions were pending in this state, and in the same court; while in the Harvey case the garnishment proceeding was pending in the state of Montana, and the same rule of practice was adopted in each. The reason for the rule granting the garnishee a stay of proceedings in an action by his creditor to recover the debt, pending the determination of his liability as garnishee, is the same whether the two actions be pending in the same state or in different states. The authorities on this subject will be found collected in 14 Am. & Eng. Enc. (2d Ed.) 872, and 20 Cyc. 1075. The answer of defendant in the case at bar demanded this particular relief, viz., a stay of proceedings until his liability as garnishee was determined; and it is insisted in this court that it should have been granted. Within the rule of the cases cited, the contention is sound.

The order appealed from is therefore reversed, and the cause remanded, with directions that the court below overrule the demurrer and grant a stay of proceedings in the action until the liability of the garnishee is finally determined in the garnishee action.