The Detroit Post & Tribune Company v. Cornelius J. Reilly, Augustus H. Phelps and Louis Selling.

*Garnishment of judgment in action for libel.*

A recovery for libel does not furnish an indebtedness which can be garnished until judgment is entered on the verdict.

Appeal from the Superior Court of Detroit. Submitted June 24. Decided June 29.

Bill of interpleader. Complainant appeals. Affirmed.

*C. A. Kent* for complainant.

*C. J. Reilly* for defendants.

Marston, C. J. The defendant Phelps recovered in the Superior Court of Detroit a verdict against the complainant on the 24th day of January, 1881, upon which judgment was entered March 12th. January 27th, 1881, a writ of garnishment was sued out of the Wayne circuit by Louis Selling who claimed to be a creditor of Phelps, and such writ was on the same day served upon the complainant. February 11th, 1881, the complainant filed its disclosure, and on the 16th of February a demand of trial was filed by the garnishee plaintiff in such garnishee suit. March 10th, 1881,

complainant was notified that the verdict above mentioned had been, on the 25th day of January, 1881, assigned to the defendant Reilly. The complainant thereupon filed its bill of interpleader in the Superior Court against these defendants, Reilly, Phelps and Selling, and an injunction was issued restraining the collection of such judgment and the prosecution of the garnishee suit. The injunction was afterwards set aside because the amount of such judgment had not been paid into court; but this having afterwards been done the injunction was renewed. A motion was afterwards made to dissolve the injunction and an order made granting the motion, and from this order the complainant appealed.

The suit in which the verdict and judgment against the complainant were rendered was for a libel. In such a case until a judgment was entered up on the verdict there was no indebtedness that could be garnisheed. *Hill v. Bowman* 35 Mich. 191. As the garnishee proceedings were commenced after verdict but before judgment the complainant herein is not at all likely to be injured thereby.

The order appealed from will be affirmed with costs.

The other Justices concurred.