## ANTONIO CAPPELLI *vs.* HENRY M. WOOD.

### DECEMBER 22, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Garnishment.*

A verdict is not the subject of garnishment.

ASSUMPSIT. Heard on agreed statement of facts.

JOHNSON, J. Assumpsit. Heard on certification from the District Court of the Sixth Judicial District upon an agreed statement of facts, as follows:

"The defendant, Henry M. Wood, on the 13th day of October, A. D. 1905, obtained a verdict of a jury in the Superior Court, Providence county, in the case of *Henry M. Wood* v. *Susan A. McDermott,* for the sum of one hundred fifty dollars.

"On the 14th day of October, A. D. 1905, after verdict and before judgment in case of *Wood* v. *McDermott,* the plaintiff in this case sued out of the District Court of the Sixth Judicial

District a writ of attachment, and said Susan A. McDermott was duly served with a copy of said writ as garnishee of said Henry M. Wood. That said Susan A. McDermott duly filed her garnishee's affidavit which is part of the record hereof.

"That execution in case of *Wood* v. *McDermott* has been stayed.

"That said case of *Cappelli* v. *Wood* is now pending in the District Court of the Sixth Judicial District, in said State, on a written motion to discharge the garnishee made by the defendant Wood.

"That the defendant Wood in case *Cappelli* v. *Wood* does not dispute the amount of the claim of said Cappelli, and that judgment shall be entered for the plaintiff for two hundred forty-six dollars and costs, and this court shall consider the validity of the attachment only."

The garnishee's affidavit referred to in said statement is as follows:

"PROVIDENCE, SC.                     District Court of the
                                      Sixth Judicial District.

"ANTONIO CAPPELLI
          "v.
"HENRY M. WOOD.

"In the above entitled case, I, Susan A. McDermott, of the City and County of Providence and State of Rhode Island, the garnishee therein named, make affidavit and say that at the time of the service of the writ of garnishment in said case the defendant in said suit, Henry M. Wood, had received a verdict in the Superior Court for the County of Providence, for the sum of one hundred and fifty dollars ($150.), and that said decision has now become a judgment, and that execution thereon has been stayed by order of the presiding justice of the Superior Court.

"SUSAN A. McDERMOTT.

"Subscribed and sworn to before me, in Providence, this 25th day of October, A. D. 1905.

"HENRY A. PALMER,
          "*Notary Public.*"

(1)     Service of the trustee process in this case having been made after verdict and before the entry of judgment in the case of *Wood* v. *McDermott,* the question raised for consideration is: Can the garnishee be charged?

In *Foster* v. *Dudley,* 30 N. H. 463–465, the court says: "If the trustee suit be commenced while the debtor trustee has yet an opportunity to ask for delay, and to plead a recovery against him, if one should be had, he may be charged as trustee if no other objection appears." This statement of the law was approved by this court in *Smith* v. *Carroll,* 17 R. I. 125–127. In *Thayer* v. *Pratt,* 47 N. H. 470, where, as in *Foster* v. *Dudley, supra,* the attempted garnishment was after verdict and before judgment, the court says: "Our statute must be construed in reference to existing remedies, and we are aware of no practice that will justify setting aside a verdict that has been fairly and properly rendered to let in a defence arising afterwards."

These cases state the law correctly, as far as they go. They hold, substantially, that a verdict can not be made the subject of garnishment, because, after verdict, the opportunity to plead the garnishment has passed. There is a further reason which appears to us to be equally conclusive. Garnishment is a proceeding in the nature of an involuntary suit by the defendant against the garnishee for the benefit of the plaintiff. The person sought to be garnished must be one against whom the defendant has a present right of action. In this case the defendant had no such right of action against the garnishee at the time of the service of the trustee process. He had simply a verdict, on which the entry of judgment was necessary to give him a right of action. No matter how long a verdict remained on the records of the court, no action could ever be brought upon it. In such case garnishment therefore fails, not only because after verdict the time to plead the garnishment has passed, but because the verdict itself is entirely lacking in the essentials of a subject of garnishment.

The attempted garnishment was invalid, and the garnishee can not be charged.

Case remanded to the District Court of the Sixth Judicial

District, with direction to enter judgment for the plaintiff in accordance with the agreement of the parties.

*Simon S. Lapham, Jr.,* for plaintiff.
*Albert D. Bean,* for defendant.