### ERLAND LIND v. LYMAN A. HURD AND OTHERS. D. J. ORFIELD AND ANOTHER, GARNISHEES.[1]

#### February 4, 1921.

#### No. 22,002.

**Verdict not subject to garnishment.**

 A verdict upon which no judgment has been entered is not subject to garnishment.

Action in the district court for Hennepin county to recover $1,232 upon certain promissory notes. From an order, Fish, J., granting the motion of Charles E. Ryberg to dismiss the garnishment proceedings and discharging the garnishees, plaintiff appealed. Affirmed.

*Erland Lind,* for appellant.

*Olof L. Bruce* and *B. W. Wilder,* for respondent.

QUINN, J.

This is an appeal by the plaintiff from an order of the district court of Hennepin county, dismissing a garnishment proceeding in the above entitled action, and discharging the garnishee.

In May, 1919, the defendant Anna M. Perkins obtained a verdict of a jury in the district court of Hennepin county against D. J. Orfield and Andrew V. Lien, for $800, damages for a fraud practiced upon her in a

[1]Reported in 181 N. W. 326.

real estate transaction. At the time of the service of the garnishee sum-
mons on February 9, 1920, an appeal from an order denying the defend-
ants' motion for a new trial in the fraud case was pending in the su-
preme court. A decision had been rendered affirming the order, but a
motion for reargument had been made which was still undetermined,
though it was later denied.[1]

In February, 1920, the plaintiff brought this action upon certain prom-
issory notes, on which he alleges the defendants Anna M. Perkins and
Andrew V. Lien were liable, and at the same time caused a garnishee
summons to issue, which was duly served upon the said garnishees on
February 9, 1920, after verdict and before judgment was entered there-
on and while the appeal therein was still pending in the supreme court.
The garnishees disclosed that they had no property or effects in their
possession at the time of the service of the garnishee summons, belonging
to Mrs. Perkins, other than the verdict against them for $800 in the
fraud case.

The question presented for decision is, whether a verdict for damages,
in an action for fraud, represents an indebtedness, or constitutes money,
property or effects such as may be reached by garnishment, before judg-
ment is entered thereon. The statute authorizing garnishment proceed-
ings provides that no person or corporation shall be adjudged a garnishee
in any of the following cases:

(1) By reason of any money or other thing due to the defendant, un-
less at the time of the service of the summons the same is due absolute-
ly, and without depending on any contingency.

(2) By reason of any debt due from such garnishee on a judgment,
so long as he is liable to an execution thereon.

(3) By reason of any liability incurred, as maker or otherwise, upon
any draft, bill of exchange, or promissory note. G. S. 1913, § 7864.

At the time of the service of the garnishee summons, the life of the
verdict depended upon the action of the appellate court. If a new trial
were granted the fact would ipso facto destroy the verdict. While the
appeal was still pending, the parties thereto, subsequent to the service
of the garnishment process, might have agreed upon a sum and settled
their controversy and thereby defeated the garnishment. Dibrell v.
Neely, 61 Miss. 218. Again, a person against whom a verdict stands

[1][145 Minn. 68.]

upon which no judgment has been entered is, as a garnishee, entitled to protection, and, whether such verdict is exempt from garnishment, is a matter upon which he should not be called upon to decide at his own peril. Ulrich v. Hower, 156 Pa. St. 414, 27 Atl. 243.

A verdict is the decision of a jury upon an issue of fact, and while it gives the successful party a property right which is assignable, it does not necessarily follow that it is subject to garnishment. Garnishment is a proceeding in the nature of an involuntary suit by the defendant against the garnishee for the benefit of the plaintiff. The party sought to be garnished must be one against whom the defendant has a right of action.

In the instant case the defendant Perkins had no such right of action against the garnishees at the time of the service of the garnishee summons; she had a mere verdict on which the entry of judgment was necessary to give her a right of action. No matter how long the verdict stood upon the records of the court, no action could be maintained thereon. In such a case the garnishment must fail, because the verdict is entirely lacking in the essentials of a subject of garnishment. Detroit Post & Tribune Co. v. Reilly, 46 Mich. 459, 9 N. W. 492; Cappelli v. Wood, 27 R. I. 411, 62 Atl. 978, 4 L.R.A.(N.S.) 624, 114 Am. St. 54; Lehmann v. Farwell, 95 Wis. 185, 70 N. W. 170, 37 L.R.A. 333, 60 Am. St. 111; Thayer v. Southwick, 8 Gray (Mass.) 229; Wilde v. Mahaney, 183 Mass. 455, 67 N. E. 337, 62 L.R.A. 813. It follows that the attempted garnishment was invalid.

Affirmed.


HALLAM, J. (concurring).

I concur in the result. It seems to me the question in this case is whether an unliquidated tort demand arising out of fraud is garnishable under G. S. 1913, §§ 7862, 7863. If not, that ends the case. If such a demand is garnishable, then, it seems to me, the commencement of an action on the demand does not render it immune from garnishment until judgment is rendered in the action. See Blair v. Hilgedick, 45 Minn. 23, 47 N. W. 310; Harvey v. Great Northern Ry. Co. 50 Minn. 405, 52 N. W. 905, 17 L.R.A. 84; Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944; Shinn, Attachment and Garnishment, § 479. I am willing to assent to the proposition that an unliquidated claim for damages

for fraud against the garnishee is not property or money in his hands belonging to the defendant or indebtedness owing by him to the defendant as those words are used in sections 7862, 7863, G. S. 1913. See Shinn, Attachment and Garnishment, § 483.