## NORTHWESTERN NATIONAL BANK OF BLOOMINGTON-RICHFIELD v. HILTON & ASSOCIATES AND OTHERS. GEORGE ROBINSON AND ANOTHER, GARNISHEES.

136 N. W. (2d) 646.

July 16, 1965—No. 39,592.

*Grant W. Anderson,* for appellant.

*Murnane, Murnane, Battis & deLambert* and *Robert T. White,* for respondent Robinson.

*Robb, Robb & Van Eps* and *Douglas Dale Reid, Jr.,* for respondent Tension Envelope Corporation.

ROGOSHESKE, JUSTICE.

The single issue presented by this case is whether an unliquidated tort claim is subject to garnishment.

Plaintiff commenced an action against defendants on two claims, the first on two promissory notes and the second for conversion of accounts receivable assigned as security therefor. At the same time, plaintiff commenced garnishment proceedings against the garnishees. Both garnishees disclosed nothing due and owing from them to defendants.

Plaintiff then moved the court for leave to serve and file a supplemental complaint to make both garnishees parties to the main action,

alleging that defendant Betty Hilton had commenced an action against them for personal injuries for $105,000. The court denied this motion on the ground that an unliquidated tort claim is not subject to garnishment because it is a debt subject to a contingency. Plaintiff appeals from this order. During the pendency of this appeal, the main action has been tried and resulted in a judgment for plaintiff. Included therein is a judgment against defendant Betty Hilton individually for $1,859.22.

Under our garnishment statutes, service of the garnishee summons attaches and binds "all indebtedness" owing by the garnishee to the defendants.[1] Garnishment of a debt is expressly prohibited, however, when the debt is contingent.[2] It would seem clear from the words of the statute that a tort claim under which indebtedness is contingent on proof of liability and damage is expressly excluded from the operation of the statute. This conclusion is implicit in Lind v. Hurd, 148 Minn. 190, 181 N. W. 326, where we held that a jury verdict upon which no judgment had been entered because of a pending appeal is not subject to garnishment. That case was decided under substantially the same provisions we now have although there has been a shift of phrases.[3]

Plaintiff contends, however, that the revision of the garnishment statutes in 1945 effected a change in the law. It specifically points to Minn. St. 571.49, subd. 2(1),[4] which compels the garnishee to disclose

[1]Minn. St. 571.42, subd. 1, provides: "Except as provided in sections 571.43 and 571.50, service of the garnishee summons upon the garnishee shall attach and bind, to respond to final judgment in the action, all personal property of the defendant in his possession or under his control and all indebtedness owing by him to the defendant at the time of such service."

[2]Section 571.43 provides in part: "No person or corporation shall be adjudged a garnishee by reason of:

"(1)  Any money or other thing due to the defendant, unless at the time of the service of the summons the same is due absolutely, and without depending on any contingency."

[3]See, G. S. 1913, §§ 7863, 7864.

[4]Section 571.49, subd. 2(1), provides: "Such disclosure shall state:

"(1)  Whether he was, at the time of the service of the garnishee summons indebted or under any liability to the defendant, naming him, in any manner or upon any account, specifying, if indebted or liable, the

whether he is "indebted or under any liability" to the defendant. From this language, plaintiff argues that the scope of garnishment has been extended beyond a strict "indebtedness." This argument fails to recognize that § 571.49 is procedural in aspect and contemplates that the garnishee disclose the full nature of his relationship to defendant. Thus, the provision compels the garnishee to disclose any contingent liabilities, which obviously are not subject to garnishment. The extent of this disclosure is quite reasonable if it is considered that the provision is a modification of the former procedure requiring, upon a denial of indebtedness, oral disclosure before the court or an officer during which the plaintiff could examine.[5]

We are unaware of any case under any statute in any jurisdiction that has ever held an unliquidated tort claim subject to garnishment,[6] and we have never intimated that such a result is possible under our statute. Plaintiff's reliance on Gustafson v. Johnson, 235 Minn. 358, 51 N. W. (2d) 108, is misplaced because we there only held that an action for contribution is one for the recovery of money,[7] and therefore a main action in which garnishment could be served. Also misplaced is plaintiff's reliance on Knudson v. Anderson, 199 Minn. 479, 272 N. W. 376, where we held that a liability insurance contract constituted an absolute debt, even though the insurance company claimed non-coverage of defendant's liability. We reasoned that a trial supplemental to the main action was the proper place to try the issues of coverage.

We would do violence to the declared policy of the legislature to permit a plaintiff to interfere with the prosecution or settlement of defendant's independent tort claim in proceedings supplemental to the main action. This conclusion is consistent with decisions in which we have held contract claims not subject to garnishment because they were

---

amount, the interest thereon, the manner in which evidenced, when payable, whether an absolute or contingent liability, and the facts necessary to a complete understanding of such indebtedness or liability. When the garnishee shall be in doubt respecting any such liability or indebtedness he may set forth the facts concerning the same."

[5] See, Mason St. 1927, §§ 9362, 9371.
[6] See, Annotation, 93 A. L. R. 1088.
[7] See, § 571.41.

contingent on performance of a condition and thus might never become due and owing.[8] But we need go no further than the clear words of the statute to hold that a tort claim before it has been compromised and settled or reduced to judgment is not subject to garnishment.

Affirmed.

---

[8]See, e. g., S. T. McKnight Co. v. Tomkinson, 209 Minn. 399, 296 N. W. 569, 134 A. L. R. 850.