Gary A. KNUDSEN, Appellant,

v.

TRANSPORT LEASING/CONTRACT,
INC., Respondent.

No. A03–282.

Court of Appeals of Minnesota.

Dec. 9, 2003.

Jon C. Saunders, Anderson, Larson, Hanson & Saunders, P.L.L.P., Willmar, MN, for appellant.

Peter G. Hill, Bale, Anderson, Polstein, Randall & Hill, Ltd., Minneapolis, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge; TOUSSAINT, Chief Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant leased truck drivers from respondent and deducted as business expenses on his personal income tax returns 100% of the per diem payments made to the drivers. Because the Internal Revenue Code allows only a 50% deduction for per diem payments, appellant incurred additional income tax liabilities. Appellant then claimed that respondent had agreed to indemnify him against tax losses relating to respondent's employees. Ruling that the parties' unambiguous agreement provided for indemnification that did not include the tax liabilities assessed against appellant, the district court granted respondent's summary judgment motion. Appellant contends that the district court erroneously read and applied the indemnification agreement. Because a plain reading of the agreement does not require respondent to indemnify appellant against the tax losses incurred by appellant, we affirm.

## FACTS

Appellant Gary Knudsen, an owner of over-the-road trucks, entered into an "Exclusive Lease Agreement" with respondent Transport Leasing/Contract, Inc. (TLC) under which TLC agreed "to lease its employees to [Knudsen] for truck and semi-tractor driving services...."

TLC paid drivers' wages; collected, deposited, and reported state and federal employment taxes; provided workers' compensation and unemployment insurance; and offered various other employee-related benefits.

Drivers who traveled away from home were allowed a "per diem" for meals, lodging, and incidental expenses. Knudsen advanced per diem expenses to TLC employees and reimbursed TLC for per diem expenses it paid. TLC annually reported to Knudsen the per diem amounts TLC paid to its drivers.

Knudsen deducted as a business expense on his income tax returns 100% of the fees he paid TLC. The Internal Revenue Service audited both TLC and Knudsen for 1995 and 1996; found that Knudsen deducted 100% of the per diem payments to the drivers but was permitted under the Internal Revenue Code, Section 274, to deduct only 50% of those payments; and assessed tax deficiencies against Knudsen. As a result of the audit, Knudsen's taxable income for 1995 and 1996 increased and Knudsen incurred additional state and federal tax liabilities, as well as accountant's fees.

Relying on Section Twelve of the lease agreement, Knudsen contended that TLC was obligated to indemnify him for his additional tax obligations. That section provides for lessor indemnification of certain financial obligations:

Lessor shall indemnify Lessee against all liability and loss in connection with and shall assume full responsibility for payment of all federal, state and local employee taxes or contributions imposed or required under Lessor's employment insurance, social security and income tax laws with respect to Lessor's employees engaged in the performance of the Agreement.

TLC argued that Section Twelve does not require it to indemnify Knudsen against personal income tax liabilities. Knudsen sued; both parties moved for summary judgment; and, ruling that Section Twelve does not cover the tax liabilities Knudsen incurred, the district court

granted TLC's motion. Knudsen appeals from the summary judgment.

### ISSUE

The parties' agreement required the lessor of truck drivers to indemnify the lessee against losses relating to employer legal obligations for employee tax withholding, social security, and unemployment compensation.

Does the agreement require indemnification of additional tax liabilities lessee incurred when he deducted drivers' per diem payments as a business expense on his personal tax return at twice the amount allowed by tax laws?

### ANALYSIS

■ On appeal from summary judgment, this court asks (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Summary judgment is inappropriate when reasonable persons might draw different conclusions from the evidence presented. *DLH Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). Because the facts are undisputed, this case only raises issues of contract interpretation, which are questions of law subject to de novo review. *Garrick v. Northland Ins. Co.,* 469 N.W.2d 709, 711 (Minn.1991).

The parties agree, and the district court held, that Section Twelve of the "Exclusive Lease Agreement" is unambiguous and that, under Section 17, Indiana law controls. Knudsen argues that the court misread and misapplied Section Twelve and thus erred as a matter of law.

■ Generally, construction of a written contract is a question of law for the district court and therefore summary judgment is particularly appropriate. *McCae*

*Mgmt. Corp. v. Merchs. Nat'l Bank & Trust Co.,* 553 N.E.2d 884, 885 (Ind.Ct. App.1990), *transfer denied* (Ind. Oct. 2, 1990). Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning and will not be considered ambiguous solely because the parties dispute the proper interpretation of the terms. *Ferrell v. Dunescape Beach Club Condominiums Phase I, Inc.,* 751 N.E.2d 702, 709 (Ind.App.2001). In addition, when a contract is unambiguous, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent. *Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr., Inc.,* 683 N.E.2d 243, 247 (Ind.App.1997) (quotation omitted), *transfer denied* (Ind. Dec. 9, 1997).

Section Twelve refers to employers' typical legal obligations that flow from employee compensation, namely, income tax withholding, social security contributions, and unemployment benefits. The district court ruled that the personal income tax liabilities assessed against Knudsen are not within the scope of Section Twelve. We agree.

■ There is no claim that TLC failed to withhold employee income for tax purposes, failed to make social security payments, or failed to contribute to an unemployment insurance fund. Knudsen's tax liabilities do not relate to any of these obligations but rather to his personal deduction of business expenses incurred as a result of paying per diem amounts to TLC's employees. Section Twelve cannot reasonably be read so broadly as to apply to all tax-related obligations incurred by the lessee because of the use of TLC's drivers. If we were to adopt Knudsen's position, we would necessarily have to expand the scope of Section Twelve beyond the unambiguous and narrow meaning of

the language to which the parties agreed. Courts may not construe clear and unambiguous provisions, nor may they add provisions upon which the parties have not agreed. *Id.* at 247–48.

Knudsen selects the phrase "income tax laws" to expand the scope of the indemnification provisions. His reading distorts the context of the paragraph. TLC must indemnify against particular enumerated losses arising under unemployment insurance, social security, and income tax laws. Knudsen's additional tax liabilities surely arise under income tax laws but are not of the types enumerated in the indemnification agreement.

Knudsen focuses on the Internal Revenue Code and argues that the employer is "the party liable for the limitation upon the deduction of the per diem." Perhaps Knudsen is correct under the tax code and thus has a meritorious position to present to the Internal Revenue Service. But the Exclusive Lease Agreement clearly imposes upon TLC no indemnification obligation against all tax losses. It is the agreement that controls the parties' respective obligations.

## DECISION

Because Section Twelve does not require TLC to indemnify Knudsen against additional personal income tax liabilities, the district court did not err in its application of the law and properly granted summary judgment in favor of TLC.

**Affirmed.**