MIDLAND CREDIT MANAGEMENT,
Respondent,

v.

Eldridge CHATMAN, Appellant.

No. A10–1241.

Court of Appeals of Minnesota.

March 22, 2011.

Jefferson C. Pappas, Derrick N. Weber, Messerli & Kramer P.A., Plymouth, MN, for respondent.

Michael Kemp, MET Law Group, PLLC, St. Paul, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and LARKIN, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the district court's denial of his claim that funds he received in settlement of a personal-injury claim are exempt from garnishment. We affirm.

## FACTS

In 2006, respondent Midland Credit Management (Midland) obtained a money judgment against appellant Eldridge Chatman. In 2008, Chatman suffered personal injuries and commenced a lawsuit. In 2009, Chatman settled the lawsuit and deposited the settlement proceeds into his bank account. In 2010, Midland garnished

Chatman's bank account. In response to the garnishment, Chatman filed a notice of exemption, asserting that because the money in the account constituted proceeds of the personal injury settlement, it represented "[r]ights of action for injuries to the person of the debtor" and was exempt from creditors' claims under Minn.Stat. § 550.37, subd. 22. Midland objected to the exemption claim. The district court determined that personal-injury-settlement proceeds are not exempt. This appeal follows.

## ISSUE

Does Minn.Stat. § 550.37, subd. 22 exempt proceeds from the settlement of a personal-injury action from creditor claims?

## ANALYSIS

 This court reviews de novo questions of statutory interpretation. *Molde v. CitiMortgage, Inc.,* 781 N.W.2d 36, 39 (Minn.App.2010). Words and phrases are interpreted according to their common meaning. Minn.Stat. § 645.08 (2010); *ILHC of Eagan, LLC v. County of Dakota,* 693 N.W.2d 412, 419 (Minn.2005). "Where the legislature's intent is clearly discernable from plain and unambiguous language, statutory construction is neither necessary nor permitted and we apply the statute's plain meaning." *Hans Hagen Homes, Inc. v. City of Minnetrista,* 728 N.W.2d 536, 539 (Minn.2007); *see also* Minn.Stat. § 645.16 (2010) (directing that, when the language of a statute is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit").

The Minnesota statutes identify certain property that is "not liable to attachment, garnishment, or sale on any final process, issued from any court." Minn.Stat. § 550.37, subd. 1 (2010). Included among exempt property are

> [r]ights of action for injuries to the person of the debtor or of a relative whether or not resulting in death.

Minn.Stat. § 550.37, subd. 22. The issue in this appeal is whether this statutory language exempts identifiable proceeds of the settlement of a personal-injury claim. The term "right of action" generally is understood to mean "[t]he right to bring a specific case to court" or "[a] right that can be enforced by legal action; a chose in action." *Black's Law Dictionary* 1438 (9th ed.2009).[1]

Certain subdivisions of the exemption section include proceeds and payments that are traceable to exempt sources. *See, e.g.,* Minn.Stat. § 550.37, subd. 9 (2010) (exempting "*[a]ll money* arising from any claim on account of the destruction of, or damage to, exempt property") (emphasis added); subd. 24 (2010) (exempting "right to receive present or future payments, *or payments received by the debtor,*" under specified retirement plans) (emphasis added); subd. 25 (2010) (exempting "*[p]roceeds of payments* received by a person for labor, skill, material, or machinery contributing to an improvement to real estate") (emphasis added). And another subdivision expressly protects proceeds covered by certain exemptions following their deposit into an account at a bank or other financial institution "if the funds are traceable to their exempt source." *Id.,* subd. 20 (2010). Monies recovered for personal injuries are not covered by any of these Minnesota exemptions. These and other highly specific provisions of the law indi-

---

1. Although the supreme court held this exemption constitutional in *Medill v. State,* 477 N.W.2d 703 (Minn.1991), neither the Minne- sota Supreme Court nor this court has addressed the scope of the language in Minn. Stat. § 550.37, subd. 22.

cate that, had the legislature intended to exempt not just rights of action for personal injuries, but the subsequent recovery and retention of money received for those personal injuries, it could have easily stated that. *Christians v. Dulas,* 95 F.3d 703, 705 (8th Cir.1996).[2]

■ Although not binding on this court, federal court analysis informs our consideration of the issue.[3] We note that the federal bankruptcy court in Minnesota "has consistently construed [Minnesota's statutory exemption for] 'rights of action' as referring only to pending or future claims." *In re Procter,* 186 B.R. 466, 468 (Bankr.D.Minn.1995); *cf. Christians,* 95 F.3d at 704 (holding that payments from annuity created pursuant to settlement agreement are not exempt, explaining that "[t]he statute exempts rights of action, not rights of payment"). In one of its decisions, the bankruptcy court explained the difference between a right of action and the proceeds from the settlement of an action:

> Here, the debtors' proceeds do not constitute a right of action. Certainly, the debtors had a right of action against their employers when they were injured

and were entitled to assert ... claims. Yet, they no longer have a claim for compensation. Instead, they have the proceeds arising out of the settlement.

*In re Gagne,* 163 B.R. 819, 823 (Bankr. D.Minn.1994).

Chatman asserts that the bankruptcy-court decisions are inapposite because of the setting in which they were decided. In federal bankruptcy proceedings, exemption issues arise when a debtor elects to claim state (as opposed to federal) exemptions for the purpose of determining what will be included as property of the bankruptcy estate. *See* 11 U.S.C. § 522(b)(2) (allowing choice of exemptions); *see also In re Carlson,* 40 B.R. 746, 749 (Bankr. D.Minn.1984) (summarizing 1979 amendment of federal bankruptcy code to allow debtors to elect state or federal exemptions). Chatman asserts that, in this unique bankruptcy context, bankruptcy court decisions are distinguishable because the exemption determinations are made at the beginning of the proceeding, rather than after judgment, as in collection proceedings. We disagree; nothing in the bankruptcy court's analysis of the plain

---

**2.** Although this court need not reach the purposes of the statute, Minn.Stat. § 550.37, subd. 22, appears to have been adopted with the bankruptcy context in mind. *See Christians,* 95 F.3d at 705, n. 3 (explaining that subdivision 22 was adopted after the federal bankruptcy code was amended to allow an alternate federal exemption for personal-injury proceeds, and surmising that "Minnesota's amendment allowed bankruptcy debtors to choose between protecting rights of action or rights of payment"); *Carlson,* 40 B.R. at 749 (recounting the legislative history and reasoning that "it is a fair conclusion that the [Minnesota] exemption statutes adopted during the 1980 session were at least partially in response to the exemption provisions of the new Bankruptcy Code"). The district court in this case suggested that the probable purpose for the rights-of-action exemption is to avoid protracted proceedings by persons (oth-

er than those actually injured) with only the potential for additional recovery. *Cf. Nw. Nat'l Bank of Bloomington–Richfield v. Hilton & Assocs.,* 271 Minn. 564, 565–67, 136 N.W.2d 646, 647–48 (1965) (holding, under previous version of statutes, that rights of action for personal injury could not be attached in garnishment proceedings because they were contingent debts and that it would "do violence to the declared policy of the legislature to permit a [creditor] plaintiff to interfere with the prosecution or settlement of [debtor] defendant's independent tort claim in proceedings supplemental to the main action").

**3.** Only the decisions of the Minnesota Supreme Court and the U.S. Supreme Court are binding on this court. *Riley v. Jankowski,* 713 N.W.2d 379, 404 (Minn.App.2006).

language of the exemption relies on the procedural posture in which the analysis is being made.

Chatman also argues that exempting his personal-injury-settlement proceeds would comport with the general purpose of statutory exemptions-"to protect a debtor and his family against absolute want by allowing them out of his property some reasonable means of support and education and the maintenance of the decencies and proprieties of life." *Medill*, 477 N.W.2d at 708 (quotation omitted). We agree that in *Medill*, the supreme court did laud the "[e]xemption provisions['] protect[ion of] fundamental needs by limiting the assets available for distribution to creditors," and noted that in that proceeding the application of these policies had the effect of exempting a personal injury right of action. *Medill*, 477 N.W.2d at 708. The *Medill* court did not, however, hold that personal-injury proceeds are exempt.

## DECISION

Because Minn.Stat. § 550.37, subd. 22, does not exempt from creditor claims, including garnishment, proceeds from a personal-injury settlement, we affirm the district court's order denying Chatman's exemption claim.

**Affirmed.**