*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1669**

Singh Hospitality, Inc.,
Appellant,

vs.

North American Partners, LLC,
Respondent.

**Filed June 27, 2016
Reversed and remanded
Reilly, Judge**

Clay County District Court
File No. 14-CV-14-513

Dan D. Plambeck, Stefanson, Plambeck & Foss, PLLP, Moorhead, Minnesota (for appellant)

D. Sherwood McKinnis, Jacob G. Peterson, McKinnis & Doom, P.A., Cambridge, Minnesota (for respondent)

 Considered and decided by Worke, Presiding Judge; Reilly, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REILLY**, Judge

Appellant hotel purchaser challenges the district court's summary judgment dismissal of its breach-of-contract claim against respondent hotel seller based on the condition of an elevator at the time of sale. Because we conclude that the contract at issue is ambiguous, we reverse and remand.

## FACTS

Appellant hotel purchaser, Singh Hospitality, Inc., executed a purchase agreement for the sale of a hotel business in Moorhead from respondent, North American Partners, LLC, in October 2012. The parties closed on the transaction in December 2012. Appellant alleges that a service elevator within the property was not in good working order at the time the purchase agreement was signed or on the date of closing and that, pursuant to the terms of the purchase agreement, the elevator was warranted.

The provisions of the purchase agreement relevant to this appeal are as follows. Article One of the purchase agreement, entitled "Purchase and Sale of Assets," provides: "Seller agrees to sell and Buyer agrees to buy the 'Assets' consisting of the Real Property, Tangible Personal Property, and Additional Property." It defines "Tangible Personal Property" in Section 1.2 as:

> The furniture, fixtures, equipment, and machinery owned by Seller and used in Seller's Hotel Business which are located within the Real Property (collectively, the "Owned Equipment"). A list of the Owned Equipment shall be delivered to Buyer as provided in Section 4.3 below.

Article Four of the purchase agreement, entitled "Other Due Diligence," provides in Section 4.3:

> To facilitate the Due-Diligence Investigation, Seller shall deliver to Buyer . . . (xiv) a list of all Owned Equipment and a copy of the latest depreciation schedule for such equipment; and (xv) a list of all Owned Equipment and the Buildings' HVAC, electrical, and plumbing systems which is not in good working order as of the Effective Date of this Agreement; all to the extent that such material is in Seller's possession or is reasonably available to Seller.

Section 4.7 provides:

> Buyer acknowledges that Seller has not made any representations or warranties regarding the Assets, their condition or suitability, except for those expressly set forth in this Agreement. Seller represents and warrants that all Owned Equipment, the Buildings' HVAC, electrical, and plumbing systems are in good working order as of the date of this Agreement and shall be in good working order as of the date of Closing. Buyer acknowledges that except for the representations and warranties expressly set forth in this Agreement, Buyer is relying solely upon Buyer's own due diligence investigations regarding the Assets. Buyer agrees that if Buyer completes the purchase of the Assets, Buyer will take the Assets in their then-existing "AS-IS" condition, and with any and all faults subject only to the requirement that the Owned Equipment, the Buildings' HVAC, electrical, and plumbing systems shall be in good working order as of the date of Closing. Notwithstanding anything in this Section or Agreement to the contrary, the Seller is making no representation or warranty concerning either (i) the Hotel's water softener equipment; or (ii) any equipment or appliances located or used in the Hotel's kitchen.

Section 13.1 of the purchase agreement provides: "This Agreement may be amended only by a written instrument signed by both parties."

3

After the purchase agreement was signed but before closing, respondent provided appellant with a list of owned equipment. The list did not include the kitchen elevator. Sometime after closing, appellant learned that the elevator has not worked since 2009 when it was damaged in a flood.

In December 2013, appellant filed a complaint alleging seven counts of breach of the purchase agreement, only one of which is relevant on appeal: appellant's claim that respondent breached the representation in the purchase agreement that all fixtures were in good working order as of the date of the agreement because the elevator was not in good working order at the time of the sale (hereinafter "the elevator claim").

In June 2014, respondent moved for partial summary judgment seeking dismissal of four of the seven counts including the elevator claim. In September 2014, the district court granted respondent's motion and dismissed the elevator claim. The district court entered its final judgment in August 2015. This appeal follows.

## D E C I S I O N

Appellant challenges the district court's summary judgment dismissal of its elevator claim. We review a district court's grant of summary judgment de novo. *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 150 (Minn. 2014). "On appeal from summary judgment, this court asks (1) whether there are any genuine issues of material fact and (2) whether the [district] courts erred in their application of the law." *Knudsen v. Transp. Leasing/Contract, Inc.*, 672 N.W.2d 221, 223 (Minn. App. 2003), *review denied* (Minn. Feb. 25, 2004).

"[T]he primary goal of contract interpretation is to determine and enforce the intent of the parties." *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn. 2003). If "a contract is unambiguous, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent." *Knudsen*, 672 N.W.2d at 223. "Generally, construction of a written contract is a question of law for the district court and therefore summary judgment is particularly appropriate." *Id.* However, "summary judgment is not appropriate where the terms of a contract are at issue and any of its provisions are ambiguous or unclear." *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966). "Whether a contract is ambiguous is a question of law that we review de novo." *Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 582 (Minn. 2010).

Respondent argues that the district court properly concluded that the purchase agreement is unambiguous. Section 4.7 provides "[s]eller represents and warrants that all Owned Equipment . . . [is] in good working order." Under respondent's interpretation, the warranty in Section 4.7 is limited to the list of owned equipment referenced in Section 4.3 which provides "[t]o facilitate the Due-Diligence Investigation, Seller shall deliver to Buyer . . . a list of all Owned Equipment." Although Section 1.2 provides "[t]he furniture, fixtures, equipment, and machinery owned by Seller and used in Seller's Hotel Business which are located within the Real Property" are "collectively, the 'Owned Equipment[,]'" Section 1.2 references Section 4.3. Respondent contends that when Sections 1.2 and 4.3 of the purchase agreement are read together, the parties intended that the owned equipment list "defines" owned equipment. It is undisputed that the elevator does not appear on the

5

owned equipment list, and under respondent's interpretation of the purchase agreement the elevator, therefore, is not warranted.[1] Respondent's interpretation of the purchase agreement is a reasonable interpretation.

Appellant sets forth an alternative interpretation of the purchase agreement and, as such, argues that the purchase agreement is ambiguous because it is reasonably susceptible to more than one interpretation. *See Knudsen*, 672 N.W.2d at 223 (explaining a contract is ambiguous if its language is subject to two or more reasonable interpretations). Under appellant's interpretation of the purchase agreement, Section 1.2 defines "owned equipment" and, when Section 1.2 is read with Section 4.7, any and all fixtures owned by the seller were warranted to be in good working order. Appellant argues that because an elevator is a fixture it is warranted by the plain language of the agreement.[2] Under appellant's interpretation, the list of owned equipment referenced in Section 1.2 is for the purpose noted in Section 4.3, namely, "[t]o facilitate the Due-Diligence Investigation," and Section 4.3 does not limit or define what is owned equipment for the purpose of the

---

[1] The district court stated the "question is whether Owned Equipment includes 'furniture, fixtures,' *etc*., and items that are specifically listed, or whether Owned Equipment includes only 'furniture, fixtures,' *etc*., that are specifically listed." It determined that the definition of owned equipment is not ambiguous and "conclude[d] that the list of Owned Equipment does not add to, but rather *defines* the scope of what is Owned Equipment for purposes of the Purchase Agreement."

[2] The purchase agreement did not define "fixture." Appellant's argument assumes the elevator is a "fixture." The district court assumed the elevator is a fixture. Respondent argued to the district court that the elevator was not a fixture. *Black's Law Dictionary* defines "fixture" as "[p]ersonal property that is attached to land or a building and that is regarded as an irremovable part of the real property . . . ." 713 (9th ed. 2009).

6

warranty in Section 4.7. We conclude appellant's interpretation of the purchase agreement is a reasonable interpretation.

Respondent contends that "where contracts relating to the same transaction are recorded in several instruments, those pieces must be read together with reference to one another . . . even if the instruments do not in their terms cross-reference." Respondent cites *Fleisher Eng'g & Const. Co. v. Winston Bros. Co.*, in support of its argument that the owned equipment list is a part of the purchase agreement. 230 Minn. 554, 557, 42 N.W.2d 396, 398 (1950). However, *Fleisher* is inapposite because it dealt with multiple agreements that were "executed" at different times. *Id.* ("Where several instruments are made as part of one transaction, they will be read together, and each will be construed with reference to the other. This is true, although the instruments do not in terms refer to each other. So if two or more agreements are executed at different times as parts of the same transaction they will be taken and construed together."); *See Black's Law Dictionary* 649-50 (9th ed. 2009) (defining "execute" as "[t]o make (a legal document) valid by signing; to bring (a legal document) into its final, legally enforceable form"). Here the owned equipment list was provided by the seller to the buyer, but was not signed by the buyer. The owned equipment list is not an independent agreement like in *Fleisher*, and pursuant to Section 13.1 of the purchase agreement it "may be amended only by a written instrument signed by both parties." As discussed above, the purchase agreement is ambiguous on the issue of whether the parties intended the owned equipment list to define owned equipment for the purpose of the warranty, and pursuant to the terms of the purchase agreement, the

7

owned equipment list could only modify the purchase agreement if it was signed by both parties.

Alternatively, respondent argues that because the elevator provided access to the kitchen, it was not warranted because Section 4.7 disclaimed "any equipment or appliances located or used in the Hotel's kitchen." The record before this court indicates that the elevator in question is "a service elevator that came into the kitchen" that also was located in the "dining area of the hotel." We conclude whether the elevator is "equipment or [an] appliance[] located or used in the Hotel's kitchen" is a question of fact. Summary judgment is not appropriate where there are genuine issues of material fact. Minn. R. Civ. P. 56.03. Thus, we are not persuaded that the disclaimer in the purchase agreement provides an independent basis for affirming the district court.

Because we conclude that the purchase agreement is subject to two or more reasonable interpretations, the purchase agreement is ambiguous. *See Knudsen*, 672 N.W.2d at 223 (explaining a contract is ambiguous if its language is subject to two or more reasonable interpretations). "[W]here the [contract] language is ambiguous, resort may be had to extrinsic evidence, and construction then becomes a question of fact for the jury." *Bari v. Control Data Corp.*, 439 N.W.2d 44, 47 (Minn. App. 1989), *review denied* (Minn. July 12, 1989). Thus, we reverse the district court's summary judgment dismissal of appellant's breach-of-contract claim and remand for trial.

**Reversed and remanded.**

8