*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1115**


In re: Guardianship and Conservatorship
of Carolyn H. Jemison.


**Filed January 23, 2017
Affirmed
Kirk, Judge**

Olmsted County District Court
File No. 55-PR-15-4778

John G. Westrick, Westrick & McDowall-Nix, P.L.L.P., St. Paul, Minnesota (for appellant Terrence P. Duggins)

Kari C. Stonelake-Hopkins, William P. Volkmar, Dunlap & Seeger, P.A., Rochester, Minnesota (for respondent First Fiduciary Corporation)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant-attorney challenges the district court's denial of his request for attorney fees arising from his legal representation of a ward who was involved in a conservatorship and guardianship dispute. Appellant asserts that the district court abused its discretion by disallowing: (1) fees incurred for time spent preparing to litigate and litigating the

reasonableness of attorney fees; (2) fees incurred for time spent on telephone calls with the ward; and (3) fees based on its misinterpretation of the retainer agreement. We affirm.

# D E C I S I O N

We review the district court's award of attorney fees for an abuse of discretion. *Milner v. Farmers Ins. Exch.*, 748 N.W.2d 608, 620 (Minn. 2008). The district court's determination concerning the reasonableness of fees is a fact question that we will not set aside unless clearly erroneous. *In re Conservatorship of Mansur*, 367 N.W.2d 550, 552 (Minn. App. 1985), *review denied* (Minn. July 11, 1985). When determining the reasonableness of attorney fees, courts examine: (1) the time and labor required; (2) the attorney's experience and knowledge; (3) the complexity and novelty of the problems involved in the estate; (4) the responsibility assumed and results obtained by the attorney; and (5) the assets available to pay for the services. Minn. Stat. § 525.515(b) (2016).

Carolyn H. Jemison, a ward, hired appellant-attorney Terrence P. Duggins to represent her as she challenged the appointment of a conservator and guardian to act in her best interests. Several months later, after the district court appointed a guardian and conservator for Jemison, Duggins claimed unpaid attorney fees totaling $104,574.47. The district court awarded Duggins and his associate, John G. Westrick, $78,287 in fees.

On appeal, Duggins challenges the district court's denial of $7,195 in attorney fees incurred from preparing to litigate the reasonableness of his fees. Our review of the record confirms that the district court deducted $6,695 in fees, not the $7,195 as alleged by Duggins. The foreign law cited by Duggins in support of his argument that the district court abused its discretion in denying these fees is neither binding upon this court nor

2

persuasive. *See Midland Credit Mgmt. v. Chatman*, 796 N.W.2d 534, 536 n.3 (Minn. App. 2011). Generally, the district court is most "familiar with all aspects of the action from its inception through post trial motions" and is in the best position to evaluate the reasonableness of requested attorney fees. *Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 629 (Minn. 1988). Upon review of the record, we discern no clear error in the district court's findings and conclude that the court did not abuse its discretion in denying to award these fees.

Duggins next contends that the district court erred when it halved his fee for phone calls from Jemison to Duggins's law firm from $2,765 to $1,382. He argues that under the Minnesota Rules of Professional Conduct, he was compelled to treat Jemison, who suffers from mental illness, with attention and respect. He points to Minn. R. Prof. Conduct 1.14, comment 2, which states that a lawyer who represents a client who has a legal representative, should "as far as possible accord the represented person the status of client, particularly in maintaining communication." Duggins also justifies his billing in part due to communication difficulties with Jemison because she is hard of hearing.

We conclude that the district court did not clearly err in implicitly finding that Duggins also had a professional duty not to overcharge Jemison, a medically and mentally impaired person, who had a guardian who could help her with non-legal issues. Under the facts of the record, we cannot say that the district court abused its discretion in reducing this fee. *Milner*, 748 N.W.2d at 620.

Duggins also argues that the district court abused its discretion when it reduced his fee request of $27,545 for formal representation of Jemison in court to $10,000.

A retainer agreement is a contract, and the court examines the language of the retainer agreement to determine the intent of the parties. *See Untiedt v. Grand Labs., Inc.*, 552 N.W.2d 571, 574 (Minn. App. 1996), *review denied* (Minn. Oct. 15, 1996). Part A of the retainer agreement authorized Duggins and any other attorney he may hire or designate to advise the client at $350 per hour. Under Part B of the agreement, Jemison agreed to pay Duggins $10,000 as a flat fee for formal representation of Jemison, including either settlement of the case short of trial, or a trial. The flat fee was to be paid by credit card at the signing of the agreement. Jemison paid Duggins $10,000 by credit card the day before he filed a certificate of representation and he formally represented her at the first probate hearing.

In a confusing set of arguments, Duggins contends that in an order dated August 13, 2015, the district court ordered that Duggins's right to be paid was subject to court approval, not the signed retainer agreement. But he also asserts that he should be paid according to the terms of the retainer agreement. He claims that he represented Jemison through the entirety of the dispute under the terms of Part A of the agreement at an hourly rate that was to be drawn from the $10,000 payment, but that she never paid for any formal representation as outlined in Part B of the retainer agreement. Accordingly, he asserts that the district court erred in declining to order payment of his fees related to formal representation of Jemison under Part A of the agreement.

If "a contract is unambiguous, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms

4

are conclusive of that intent." *Knudsen v. Transps. Leasing/Contract, Inc.*, 672 N.W.2d 221, 223 (Minn. App. 2003), *review denied* (Minn. Feb. 25, 2004).

Here, Part B of the retainer agreement plainly states that a certificate of representation will be filed and formal representation will begin after the client paid a flat fee of $10,000. Jemison paid Duggins $10,000, and he formally represented her in a series of court hearings. There is no written addendum signed by Jemison reflecting Duggins's claim that they agreed that she would pay him under Part A on an hourly rate. For these reasons, the district court did not abuse its discretion in denying an award of fees for formal representation beyond $10,000.

**Affirmed.**